Martin B. Stecher, J.
After a trial of this action, without a jury, I previously held (59 Misc 2d 721) that the plaintiff was entitled to a money judgment on an award made by the Hamburg (Germany) Amicable Court of Arbitration.
The defendant now moves to vacate that determination and asks for judgment dismissing the complaint or, alternatively, an order directing a new trial (CPLR 4404, subd. [b]). The sole basis of the motion is defendant’s claim that the action was Dime-barred, more than one year having elapsed between the making of the award in Germany and the service of the summons here (CPLR 215, subd. 5).
The motion is denied.
A party may move to dismiss a cause of action barred by the Statute of Limitations (CPLR 3211, subd. [a], par. 5). Such motion may be made ‘ ‘ before service of the responsive pleading is required ” but the defense “ is waived unless raised either by such motion or in the responsive pleading ” (CPLR 3211, subd. [e]; Nehasane Park Assn. v. Lloyd, 167 N. Y. 431).
It is undisputed that, despite the many years that elapsed between the commencement of the action and the making of this motion, the length of time the case was at issue, the plethora of litigated motions made prior to trial, and the liberality *420 with which the answer was permitted to be amended during trial to plead fraud, no mention was made of the Statute of Limitations until after the decision was filed. The only reason given for the failure to plead the statute is the alleged neglect of defendant’s prior counsel.
Although broad discretionary powers to set aside a verdict or decision are granted by CPLR 4404, they are not unlimited. It would serve no useful purpose to recite all of the fact situations in which such relief may be granted. Suffice to say the alleged mistake or neglect of counsel resulting in a statutorily imposed waiver (CPLR 3211, subd. [e]) followed by a trial of the issues is not such a situation.
Nor are the provisions of CPLR 2001 of help to the defendant. Mistakes, omissions, defects, or irregularities may be corrected “ if a substantial right of a party is not prejudiced but a substantial right would be prejudiced if the plaintiff were required to retry the case.
The case would, if the motion were granted, have to be retried (Matter of Weil v. Rothschild, 251 App. Div. 639). It is not at all clear whether the “ Amicable Court of Arbitration ” is a court or a panel of arbitrators; whether its determinations when filed are awards of arbitrators to which a 1-year limitation applies (CPLR 215, subd. 5) or judgments of a court to which a 20-year statute may apply (CPLR 211, subd. [b]). Evidence would be required of the status the tribunal occupies in Germany. Were its members chosen by the State ? By the litigants ? By some other body? By whom were they compensated? Did they have a recognized seal? What effect do their awards have in Germany? The name of this “ court ” of “ arbitration ” is itself confusing and is not determinative of the issue. (Cf. Coudenhove-Kalergi v. Dieterle, 36 N. Y. S. 2d 313, 316.)
Litigation must have an end. The defense now urged has long since been waived, and a new trial will not be ordered to ascertain if the waived defense has merit.