673 P.2d 787

**Ted KING, et ux., Petitioners,**

v.

**The SUPERIOR COURT of the State of Arizona, and E.G. Noyes, Jr., a Judge thereof, and Robert Bauer, et al., Respondents.**

No. 17078–SA.

Supreme Court of Arizona, In Banc.

Nov. 9, 1983.

Ted King, in pro. per.

Murphy & Posner by Robert R. Bauer, Phoenix, for respondents.

GORDON, Vice Chief Justice:

In December, 1981, petitioner Ted King was sued by Albert and Saralee Beletz re-

garding an alleged partnership agreement [hereinafter "the first action"]. The Beletzes requested a declaration that a partnership existed and sought a partnership accounting, the quieting of title to certain partnership properties, and punitive damages. King hired respondent Robert R. Bauer, a partner in the respondent law firm, to defend him in this action. Prior to the trial, the parties agreed to bifurcate the matter. A first trial was to be limited to determining whether a partnership existed. If its existence was established, a second trial would be held on the remaining issues. The first trial took place in early November, 1982; the jury found in favor of the Beletzes, determining that a partnership had indeed existed.[1] Through this point, King was apparently satisfied with Bauer's services.

Within three weeks after the conclusion of the trial, King learned of settlement negotiations that had allegedly taken place before and during the trial. Though his attorney, Bauer, supposedly had participated in them, King had allegedly never been advised of nor consulted about the negotiations. On November 30, 1982, King terminated Bauer's employment and also requested the return of his file on the Beletz partnership matter. The file was not returned. In mid-January, 1983, King, acting *pro se,* filed a Motion for New Trial. In that motion, he alleged that Bauer's conduct at trial and Bauer's failure to confer with him about the settlement offers had prejudiced the case against him. To obtain documentary support for this motion, King moved to compel Bauer to release his file to him. Bauer refused, stating that

"[i]nasmuch as we are not a party to this litigation and the Court does not have jurisdiction over us, we do not intend to make any appearance in this matter nor respond to the motion [to compel]."[2]

King's Motion to Compel and his Motion for New Trial were denied. Final judgment was entered against him.

On April 13, 1983, King, still acting *pro se,* filed a lawsuit against Bauer asserting several acts of legal malpractice [hereinafter "the second action"]. These charges encompassed the same issues as those raised by King in his *pro se* Motion for New Trial in the first action. Bauer filed a Motion to Dismiss the second action pursuant to Ariz. R.Civ.P. 12(b). He maintained that King's complaint failed to state a claim upon which relief could be granted because "all of the issues presented in the complaint were presented * * * [in the] Motion for New Trial * * * and decided against Mr. King * * * thereby collaterally estopping him from raising those issues anew in this or any other litigation." A minute entry granting the Motion to Dismiss with prejudice was entered on July 18, 1983. One month later, King, still acting *pro se,* challenged the minute entry in a Petition for Special Action to this Court.

■ We accepted jurisdiction pursuant to Ariz. Const. art. 6, § 5 and Ariz.R.P.Sp. Act. 4. The acceptance of jurisdiction of a petition for special action is highly discretionary in this Court, *Wicks v. City of Tucson,* 112 Ariz. 487, 543 P.2d 1116 (1975); State Bar Committee Notes, Ariz.R.P.Sp. Act. 3. We generally accept jurisdiction of these cases only where the issues raised in the petition are such that justice cannot be satisfactorily obtained by other means, *Nataros v. Superior Court of Maricopa County,* 113 Ariz. 498, 557 P.2d 1055 (1976). For example, jurisdiction is usually refused when there is an adequate remedy available to the petitioner by appeal, *Graham v. Ridge,* 107 Ariz. 387, 489 P.2d 24 (1971); *Armstrong v. City Court of Scottsdale,* 118 Ariz. 593, 578 P.2d 1022 (App.1978). However, jurisdiction is frequently accepted when under no rule of law can a trial

---

1. As far as this Court is aware, the second Beletz trial has not yet occurred.

2. Bauer later stated that he was retaining the file as a lien while awaiting payment of his fees (Bauer's Motion to Dismiss the second action).

We need not reach the issue of whether such retention was proper under the guidelines set forth in *National Sales & Service Co., Inc. v. Superior Court,* 136 Ariz. 544, 667 P.2d 736 (1983).

court's actions be justified, *State v. Superior Court of Maricopa County,* 129 Ariz. 156, 629 P.2d 992 (1981); *Western Waste Service Systems, Inc. v. Superior Court of Maricopa County,* 120 Ariz. 90, 584 P.2d 554 (1978); *Nataros, supra.* In the instant case, we agree with petitioner King that the trial court's ruling on Bauer's Motion to Dismiss was without precedent or support in the law and could not be justified. Jurisdiction is, thus, proper.[3]

In its minute entry dismissing the legal malpractice action, the trial court stated:

"The allegations raised in Plaintiff's * * complaint all pertain to the attorney-client relationship that existed in [the first action] between Plaintiff and Defendant. Those allegations were all presented to the Judge in [that] action in connection with this Plaintiff's Motion for New Trial in that case; all allegations were there resolved against plaintiff.

\*    \*    \*    \*    \*    \*

"Plaintiff had full and fair opportunity to present his case on those issues to the trial judge in [the first action]; he did so and is bound by the final judgment * * *.

"IT IS THEREFORE ORDERED granting Defendant's Motion to Dismiss, with prejudice, the complaint."

We cannot agree with the trial court's analysis or result. Therefore, we vacate the trial court's order dismissing the second action, order the complaint in the second action (Maricopa County Action No. 484999) reinstated, and remand to the trial court for further proceedings not inconsistent with this opinion.

It is clear that a judgment on the merits of an issue generally precludes relitigation of that issue in a subsequent suit. *See Yavapai County v. Wilkinson,* 111 Ariz. 530, 534 P.2d 735 (1975); *Industrial Park Corp. v. U.S.I.F. Palo Verde Corp.,* 26 Ariz. App. 204, 547 P.2d 56 (1976). However, it is equally clear that the preclusion exists only when an issue was actually litigated and determined in the prior suit. *Krumtum v. Burton,* 111 Ariz. 448, 532 P.2d 510 (1975); *Industrial Park, supra.* If an issue was neither essential nor necessary to the prior judgment, such preclusion is inappropriate, *Sekaquaptewa v. MacDonald,* 448 F.Supp. 1183 (D.Ariz.1978), *rev'd in part on other grounds,* 619 F.2d 801 (9th Cir.) *cert. denied,* 449 U.S. 1010, 101 S.Ct. 565, 66 L.Ed.2d 468 (1980). The Restatement (Second) of Judgments § 27 states the general rule as follows:

"When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."

By accepting jurisdiction herein, we do not mean to imply that every minute entry, one that may eventually ripen into a final judgment or one that may not, is now a ruling on which a petition for special action may be based. Such is certainly not the case. In the matter before us, several particularly significant factors exist to warrant our finding, notwithstanding the probable eventual existence of another remedy, that special action relief is appropriate and that our discretion to review is properly exercised. Critical among those factors are that King is acting *pro se* and that he is suing a member of the Arizona State Bar Association for malpractice arising out a previous attorney-client relationship. There is a public interest in the expeditious disposition of such matters. Further the question presented is a pure issue of law and the error by the trial court is patent.

---

**3.** Bauer argues that King has an equally plain, speedy, and adequate remedy by appeal and that, therefore, jurisdiction should be denied. We note that at the time King filed his petition for this special action, he could not have filed an appeal instead. While a judgment dismissing an action for failure to state a claim is a final decision and is appealable, a mere order dismissing an action is not appealable. *Meloy v. St. Paul Mercury Indemnity Co.,* 72 Ariz. 406, 236 P.2d 732 (1951); *see also* A.R.S. § 12–2101. In the instant matter, only a minute entry dismissing King's complaint had been filed by the date the petition for special action was considered by this Court. Such a minute entry does not constitute an appealable judgment or order. Indeed, King had filed an appeal to the Court of Appeals prior to his petition for special action being considered by this Court. A minute entry dismissing that appeal was entered on September 14, 1983 because the appeal was not from a final judgment.

In Arizona, the determination of an issue may also be conclusive in a subsequent action when, as here, it is raised by a party not involved in the prior action so long as it is asserted defensively against a party who was involved in that prior action. *Standage Ventures, Inc. v. State,* 114 Ariz. 480, 562 P.2d 360 (1977). Thus, Bauer can defensively assert against King any issues actually litigated and determined, and essential to the judgment, in the first action.

As noted above, the first action was limited to a jury determination of whether a partnership existed between the parties. The alleged acts of legal malpractice at issue in the second action were neither litigated in the trial portion of the first action nor essential to the jury's verdict therein. Bauer asserted in his motion to dismiss the second action, however, that those alleged acts were litigated and determined in, and essential to the ruling on, King's Motion for New Trial in the first action. The trial court concurred and dismissed on this basis.

■■■ We cannot agree that King's assertions of attorney malpractice were necessarily litigated and determined in, and essential to the ruling on, King's Motion for New Trial. Motions for new trials and the hearings thereon allow the trial court to reexamine the litigated issues and the conduct of a trial. Ariz.R.Civ.P. 59(a) allows the trial court to vacate a verdict, decision, or judgment and grant a new trial for any of the following causes:

"1. Irregularity in the proceedings of the court, referee, jury or prevailing party, or any order or abuse of discretion, whereby the moving party was deprived of a fair trial.

"2. Misconduct of the jury or prevailing party.

"3. Accident or surprise which could not have been prevented by ordinary prudence.

"4. Material evidence, newly discovered, which with reasonable diligence could not have been discovered and produced at the trial.

"5. Excessive or insufficient damages.

"6. Error in the admission or rejection of evidence, error in the charge to the jury, or in refusing instructions requested, or other errors of law occurring at the trial or during the progress of the action.

"7. That the verdict is the result of passion or prejudice.

"8. That the verdict, decision, findings of fact, or judgment is not justified by the evidence or is contrary to law."

Though a trial court does have broad discretionary powers when considering a motion for new trial, *Reeves v. Markle,* 119 Ariz. 159, 579 P.2d 1382 (1978), those powers are not unlimited. While attorney misconduct can be a basis for the granting of a new trial, *see, e.g., Taylor v. Southern Pacific Transportation Co.,* 130 Ariz. 516, 637 P.2d 726 (1981), we have fully examined Rule 59(a) and find that a party's mere dissatisfaction with his own counsel or allegations of his own counsel's neglect, inadvertence, or mistake do not justify the granting of a new trial in civil cases.[4] *See Andrea Dumon, Inc. v. Pittway Corp.,* 110 Ill.App.3d 481, 66 Ill.Dec. 148, 442 N.E.2d 574 (1982); *Engelbrechten v. Galvanoni & Nevy Bros., Inc.,* 60 Misc.2d 419, 302 N.Y.S.2d 691 (1969); *Wilson v. Sherman,* 461 P.2d 606 (Okl.1969); *Scheffer v. Chron,* 560 S.W.2d 419 (Tex.Civ.App.1977); *Jennings v. Stoker,* 652 P.2d 912 (Utah 1982).

■■ King's allegations regarding Bauer's failure to notify him of or consult with him about certain settlement offers were beyond the scope of the trial court's

---

**4.** We recognize that a claim of ineffective assistance of counsel may be a ground for a new trial in criminal cases. Because such claims would necessarily have been determined if raised in a motion for new trial in a criminal case, subsequent reassertion of such claims by a criminal defendant against his defense counsel can be properly precluded. *McCord v. Bail-* ey, 636 F.2d 606 (D.C.Cir.1980), *cert. denied,* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981). The instant case, however, is not a criminal case and we find the trial court's statement that it found "the case of *McCord v. Bailey,* [supra], to be dispositive of this case * * *" plainly erroneous.

152

considerations at the time of the Motion for New Trial in the first action. Therefore, these allegations, even if "litigated and determined" in the ruling on the new trial motion, were not and could not have been "essential to the judgment" therein. King is not precluded from raising these allegations in the second action.

The remaining allegations in the second action concern Bauer's tactics during the jury trial portion of the first action. These allegations include, *inter alia,* Bauer's supposed failure to prove certain facts favorable to King, his supposed failure to assert that certain evidence was missing or had been altered, his supposed failure to move to admit certain evidence, and his supposed failure to object to Beletz' introduction of certain evidence. Because we do not have a complete record before us, we cannot determine if any of these allegations were truly before the court at the new trial hearing. If, for example, Beletz' counsel moved to admit a certain document into evidence and Bauer properly objected but the trial court overruled that objection, the trial court could have properly reviewed its ruling at the new trial determination. The same would be true of a jury instruction requested by counsel but denied. If a trial judge realizes that an erroneous ruling has been made, he must act to prevent a miscarriage of justice, *see, e.g., Cano v. Neill,* 12 Ariz.App. 562, 473 P.2d 487 (1970), and order a new trial. Thus, if the trial judge, upon King's Motion for New Trial, based his denial of that motion on a full review of his rulings, that review would have been on the merits of the rulings and would preclude further litigation. However, if Bauer did not object to the admission of certain evidence or the inclusion of certain jury instructions, the trial judge would have had no ruling to review and would have no choice but to deny the motion for a new trial. As noted above, counsel's failure to act, whether inadvertent, intentional, or negligent, is not a ground for a new trial. Allegations concerning such omissions are, thus, necessarily not essential to the judgment on a motion for a new trial.

The Superior Court, upon remand with the entire record from the trial itself and the new trial proceedings before it, will have to determine if any of King's allegations were properly presented to the court in his Motion for New Trial. If none of the allegations constituted a possible basis for the grant of a new trial, none of them were essential to the court's denial of the motion and no preclusion would have resulted. Conversely, any of King's allegations which did form a legitimate basis for his request for a new trial would have been determined in the ruling on that request and could thereafter be conclusively used against him.

We do not, of course, intend to express any opinion as to the merits of the second action. We hold only that King is not precluded from bringing it.

The prayer for relief is granted in part. The trial court's order dismissing the second action is vacated; the trial court is ordered to reinstate King's complaint in the second action and to proceed in a manner not inconsistent with this opinion.

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.