967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl Edgar NELSON, Petitioner-Appellant-Cross-Appellee,
v.
C. RYAN, Warden, ASPC, Respondent-Appellee-Cross-Appellant.
 Nos. 91-16235, 91-16237.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 2, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl Edgar Nelson, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. The state cross-appeals, contending that the district court erred by failing to hold that Nelson procedurally defaulted on his claims. We have jurisdiction under 28 U.S.C. § 2253, and we review de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 Nelson was sentenced to five years probation following his plea of guilty to one count of attempted child molestation. He did not appeal his conviction or sentence. His probation subsequently was revoked, and he was sentenced to a term of ten years imprisonment. He appealed the sentence to the Arizona Court of Appeals, raising one issue that was not raised in his federal petition, and the court affirmed his conviction and sentence.
 
 
 4
 Nelson subsequently filed in the Arizona Supreme Court a pro se petition for special action raising nine new claims. The petition was dismissed on December 10, 1990. Thereafter, Nelson filed a federal habeas petition in district court, raising two of the nine claims raised in his petition for special action. The district court dismissed the habeas petition without prejudice to allow Nelson to file a conviction for post-conviction relief in Arizona state court to exhaust state remedies.
 
 
 5
 A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254; Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). A prisoner satisfies the exhaustion requirement by presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971). Moreover, exhaustion requires that the prisoner's claims be fairly presented to provide the highest state court with an opportunity to rule on the merits of the claims. See McQuown v. McCarthy, 795 F.2d 807, 809 (9th Cir.1986). Therefore, the exhaustion requirement is not satisfied if federal claims are presented to the highest state court for the first time in a procedural context in which the merits will be considered only if there are "special and important reasons." Castille v. Peoples, 489 U.S. 346, 351 (1989).
 
 
 6
 If state remedies have not been exhausted, the district court must dismiss the petition. See Rose v. Lundy, 455 U.S. 509, 510 (1982). If, however, a federal constitutional claim can no longer be raised because of a failure to follow the prescribed procedure for presenting the issue, the claim is procedurally barred unless the petitioner can show cause for the procedural default and prejudice from the alleged constitutional violation. See Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991).
 
 
 7
 An Arizona prisoner must present his claims in a petition for review by the Arizona Supreme Court either on direct appeal or in a petition for post-conviction relief before he can present his claims in a federal habeas corpus petition. See Ariz.R.Crim.P. 31.19 (direct appeal); Ariz.R.Crim.P. 32.9(f) (post-conviction relief); Jennison v. Goldsmith, 940 F.2d 1308, 1310-11 (9th Cir.1991) (per curiam).[1] A petition for special action is a method for seeking extraordinary judicial relief and is not an adequate substitute for raising the claims on direct appeal or in a petition for post-conviction relief. See Castille, 489 U.S. at 351; Bilagody v. Thorneycroft, 125 Ariz. 88, 92, 607 P.2d 965, 969 (Ariz.App.1979); see also Ariz.R.P.Spec.Actions 3 (enumerating issues that may be raised in a petition for special action); King v. Superior Court, 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983) (en banc) (an Arizona court's decision whether to consider the merits of claims raised in a petition for special action is entirely discretionary; because the court's threshhold inquiry is whether to accept jurisdiction, the denial of a petition for special action is a denial of jurisdiction, not a judgment on the merits).
 
 
 8
 Accordingly, the district court did not err by finding that the Arizona Supreme Court's dismissal of Nelson's petition for special action failed to satisfy the exhaustion requirement. See Castille, 489 U.S. at 351; King, 138 Ariz. at 149, 673 P.2d at 789.
 
 
 9
 The state argues that Nelson is procedurally barred from raising his claims in a post-conviction petition because he did not raise them on direct appeal. We disagree.
 
 
 10
 An Arizona state prisoner may seek collateral review of federal constitutional claims in a petition for post-conviction relief under Ariz.R.Crim.P. 32. Johnson, 929 F.2d at 463. A Rule 32 petition for post-conviction relief
 
 
 11
 is barred, however, if (1) the issues are still raisable on direct appeal or on a post-trial motion, (2) they have been finally adjudicated on the merits on appeal or in a previous collateral proceeding, or (3) they were "knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding."
 
 
 12
 Id. (quoting Ariz.R.Crim.P. 32.2(a)(3)). Under Rule 32.2(c), an Arizona court
 
 
 13
 may infer from the petitioner's failure to appeal or to raise an issue on appeal after being advised by the sentencing judge of the necessity that he do so, or his failure to raise any ground then available to him in a previous Rule 32 proceeding in which he was represented by counsel, that he knowingly, voluntarily and intentionally relinquished the right to do so."
 
 
 14
 The state's argument that Nelson has procedurally defaulted on his claims fails because it is not clear that he is procedurally barred from raising his claim in a Rule 32 petition for post-conviction relief. First, the language of Rule 32.2(c), which allows an inference of waiver from a failure to raise claims in a previous proceeding, is permissive, not mandatory. See Johnson, 929 F.2d at 463 (holding that the right to raise an issue for the first time in a petition for post-conviction relief is not automatically waived when the prisoner was represented by counsel on direct appeal); State v. Carriger, 143 Ariz. 142, 146-47, 692 P.2d 991, 995-96 (1984) (en banc) (inference of waiver may be overcome). Second, Nelson has not filed any Rule 32 petition in Arizona, a point which the Johnson court found persuasive. See Johnson, 929 F.2d at 461, 463-64 (distinguishing Tacho v. Martinez, 862 F.2d 1376, 1378-79 (9th Cir.1988)), where the petitioner had filed three Rule 32 petitions). Finally, no Arizona court has concluded that Nelson is procedurally barred from raising his claims in a Rule 32 petition. See id. at 464; cf. Tacho, 862 F.2d at 1378 (holding that petitioner had procedurally defaulted on his claims when the state trial court denied a Rule 32 petition on the ground that the petitioner had failed to raise the claims on direct appeal or in two previous Rule 32 petitions).
 
 
 15
 The district court properly applied Johnson v. Lewis and determined that Nelson was not necessarily precluded from raising his claims in a Rule 32 petition in state court. See Johnson, 929 F.2d at 463-64. We affirm the district court's dismissal of the petition without prejudice for failure to exhaust state remedies.[2]
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the Arizona Supreme Court's decision whether to grant a petition for review is discretionary, in order to exhaust state remedies a prisoner must seek such review before bringing a federal habeas petition. See Jennison, 940 F.2d at 1310-11. A prisoner's failure to petition the Arizona Supreme Court for review on direct appeal may be excused during the window period after the Arizona Supreme Court's decision in State v. Shattuck, 140 Ariz. 582, 684 P.2d 154 (1984) (en banc) and this court's decision in Jennison. See Harmon v. Ryan, No. 91-15139, slip op. 3325, 3334 (9th Cir. Mar. 16, 1992) (Arizona prisoners are excused from filing petitions for review on direct appeal because Arizona procedures for seeking review have been ill-defined since Shattuck and State v. Sandon, 161 Ariz. 157, 777 P.2d 220 (1989) (en banc)). After Jennison, however, Arizona prisoners may not bypass the Arizona Supreme Court when exhausting state remedies. See Jennison, 940 F.2d at 1309
 
 
 [2]
 We reject the state's argument that Johnson v. Lewis was not decided properly and that we should not apply it. See Guam v. Ibanez, 880 F.2d 108, 112 n. 4 (9th Cir.1989) (three-judge panel does not have the authority to reconsider law established in earlier cases)