967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Keith FOSTER, Petitioner-Appellant,
v.
James A. THOMAS, Respondent-Appellee.
 No. 91-16253.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Keith Foster, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 In his federal petition, Foster raised three claims, which he raised in a petition for special action in the Arizona Supreme Court. The district court dismissed the federal habeas petition without prejudice to give Foster an opportunity to file a conviction for post-conviction relief in Arizona state court to exhaust state remedies.
 
 
 4
 A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254; Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). A prisoner satisfies the exhaustion requirement by presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971). Moreover, exhaustion requires that the petitioner's claims be fairly presented to provide the highest state court with an opportunity to rule on the merits of the claims. See McQuown v. McCarthy, 795 F.2d 807, 809 (9th Cir.1986). Therefore, the exhaustion requirement is not satisfied if federal claims are presented to the highest state court for the first time in a procedural context in which the merits will be considered only if there are "special and important reasons." Castille v. Peoples, 489 U.S. 346, 351 (1989). If a petition contains unexhausted claims, the district court must dismiss the petition. See Rose v. Lundy, 455 U.S. 509, 510 (1982).
 
 
 5
 An Arizona prisoner must present his claims in a petition for review by the Arizona Supreme Court either on direct appeal or in a petition for post-conviction relief before he can present his claims in a federal habeas corpus petition. See Ariz.R.Crim.P. 31.19 (direct appeal); Ariz.R.Crim.P. 32.9(f) (post-conviction relief); Jennison v. Goldsmith, 940 F.2d 1308, 1310-11 (9th Cir.1991) (per curiam).[1] A petition for special action is a method for seeking extraordinary judicial relief and is not an adequate substitute for raising the claims on direct appeal or in a petition for post-conviction relief. See Castille, 489 U.S. at 351; Bilagody v. Thorneycroft, 125 Ariz. 88, 92, 607 P.2d 965, 969 (Ariz.App.1979); see also Ariz.R.P.Spec. Actions 3 (enumerating issues that may be raised in a petition for special action); King v. Superior Court, 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983) (en banc) (an Arizona court's decision whether to consider the merits of claims raised in a petition for special action is entirely discretionary; because the court's threshhold inquiry is whether to accept jurisdiction, the denial of a petition for special action is a denial of jurisdiction, not a judgment on the merits).
 
 
 6
 Accordingly, the district court did not err by finding that the Arizona Supreme Court's dismissal of Foster's petition for special action failed to satisfy the exhaustion requirement. See Castille, 498 U.S. at 351; King, 138 Ariz. at 149, 673 P.2d at 789.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the Arizona Supreme Court's decision whether to grant a petition for review is discretionary, in order to exhaust state remedies a prisoner must seek such review before bringing a federal habeas petition. See Jennison, 940 F.2d at 1310-11. A prisoner's failure to petition the Arizona Supreme Court for review on direct appeal may be excused during the window period after the Arizona Supreme Court's decision in State v. Shattuck, 140 Ariz. 582, 684 P.2d 154 (1984) (en banc) and this court's decision in Jennison. See Harmon v. Ryan, No. 91-15139, slip op. 3325, 3334 (9th Cir. Mar. 16, 1992) (Arizona prisoners are excused from filing petitions for review on direct appeal because Arizona procedures for seeking review have been ill-defined since Shattuck and State v. Sandon, 161 Ariz. 157, 777 P.2d 220 (1989) (en banc)). After Jennison, however, Arizona prisoners may not bypass the Arizona Supreme Court when exhausting state remedies. See Jennison, 940 F.2d at 1309