967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert S. MOORE, Petitioner-Appellant,
v.
John HALLAHAN, Warden; Grant Woods, Attorney General of the
State of Arizona, Respondents-Appellees.
 No. 91-16299.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided June 29, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert S. Moore, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition without prejudice for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254; Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). A prisoner satisfies the exhaustion requirement by presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971). Moreover, exhaustion requires that the prisoner's claims be fairly presented to provide the highest state court with an opportunity to rule on the merits of the claims. See McQuown v. McCarthy, 795 F.2d 807, 809 (9th Cir.1986). Therefore, the exhaustion requirement is not satisfied if federal claims are presented to the highest state court for the first time in a procedural context in which the merits will be considered only if there are "special and important reasons." Castille v. Peoples, 489 U.S. 346, 351 (1989).
 
 
 4
 An Arizona prisoner must present his claims in a petition for review by the Arizona Supreme Court either on direct appeal or in a petition for post-conviction relief before he can present his claims in a federal habeas corpus petition. See Ariz.R.Crim.P. 31.19 (direct appeal); Ariz.R.Crim.P. 32.9(f) (post-conviction relief); Jennison v. Goldsmith, 940 F.2d 1308, 1310-11 (9th Cir.1991) (per curiam).[1] A petition for special action is a method for seeking extraordinary judicial relief and is not an adequate substitute for raising the claims on direct appeal or in a petition for post-conviction relief. See Castille, 489 U.S. at 351; Bilagody v. Thorneycroft, 125 Ariz. 88, 92, 607 P.2d 965, 969 (Ariz.App.1979); see also Ariz.R.P.Spec.Actions 3 (enumerating issues that may be raised in a petition for special action); King v. Superior Court, 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983) (en banc) (an Arizona court's decision whether to consider the merits of claims raised in a petition for special action is entirely discretionary; because the court's threshhold inquiry is whether to accept jurisdiction, the denial of a petition for special action is a denial of jurisdiction, not a judgment on the merits).
 
 
 5
 Here, Moore's attorney did not raise Moore's challenges to his conviction on direct appeal, even though Moore "pleaded and argued with him to do so, both before and after the Opening Brief was filed." Moore subsequently filed a Rule 32 petition for post-conviction relief in superior court raising the claims and asserting that his attorney's failure to raise the claims on direct appeal constituted ineffective assistance of counsel. According to Moore, the state court denied the ineffective assistance of appellate counsel claim because the direct appeal was still pending and denied the other claims for failure to raise them on direct appeal. Moore then raised the issues in a petition for special action filed in the Arizona Supreme Court, which declined to accept jurisdiction over the petition for special action.
 
 
 6
 The district court properly held that the Arizona Supreme Court's dismissal of Moore's petition for special action failed to satisfy the exhaustion requirement. See Castille, 489 U.S. at 351; King, 138 Ariz. at 149, 673 P.2d at 789. Moore apparently is seeking to add his claims on direct appeal in the state court. Moreover, Moore can file a Rule 32 petition challenging his counsel's failure to raise the claims on direct appeal once his direct appeal is final. The district court properly dismissed the federal petition without prejudice for failure to exhaust state remedies. See Rose v. Lundy, 455 U.S. 509, 510 (1982).
 
 
 7
 Moore has requested a stay on appeal while he attempts to exhaust his claims in state court "for fear that this court will make a final decision." He is concerned that if this court renders a decision, his "claim will be lost." The district court's dismissal for failure to exhaust, however, is a dismissal without prejudice. See Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988). After Moore exhausts his state remedies, he may file a new federal petition raising his claims. See id. Moreover, even if, as Moore suggests, the state court refuses to hear his claim because of a procedural default, Moore can still file a petition in federal district court and will be given an opportunity to show cause for any procedural default and prejudice from the alleged constitutional violation. See Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991). Accordingly, we deny Moore's motion for a stay on appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Moore's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the Arizona Supreme Court's decision whether to grant a petition for review is discretionary, in order to exhaust state remedies a prisoner must seek such review before bringing a federal habeas petition. See Jennison, 940 F.2d at 1310-11. A prisoner's failure to petition the Arizona Supreme Court for review on direct appeal may be excused during the window period after the Arizona Supreme Court's decision in State v. Shattuck, 140 Ariz. 582, 684 P.2d 154 (1984) (en banc) and this court's decision in Jennison. See Harmon v. Ryan, 959 F.2d 1457, 1463 (9th Cir.1992) (Arizona prisoners are excused from filing petitions for review on direct appeal because Arizona procedures for seeking review have been ill-defined since Shattuck and State v. Sandon, 161 Ariz. 157, 777 P.2d 220 (1989) (en banc)). After Jennison, however, Arizona prisoners may not bypass the Arizona Supreme Court when exhausting state remedies. See Jennison, 940 F.2d at 1309