972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald P. HERBERG, Petitioner-Appellant,
v.
C. RYAN, Warden; Attorney General of the State of Arizona,
Respondents-Appellees.
 No. 91-16010.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1992.*
Decided July 28, 1992.
 
 Before GOODWIN, FLETCHER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Herberg appeals the district court denial of his habeas corpus petition. The district court held that he failed to exhaust his state remedies. We affirm.
 
 
 3
 Following his conviction in Arizona state court, Herberg, through counsel, appealed to the state intermediate court of appeals. His court appointed appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). The Anders brief simply stated that "[n]o arguable question has been found. It is respectfully requested that this court search the record for fundamental error...." Herberg filed a supplemental brief in which he claimed ineffective assistance of counsel with respect to the plea agreement. The Arizona Court of Appeals affirmed Herberg's conviction on December 7, 1989.
 
 
 4
 Herberg filed a Writ of Habeas Corpus to the Arizona Supreme Court in which he added rough search and seizure and entrapment claims, and he also renewed his claim of ineffective assistance of counsel. The Arizona Supreme Court dismissed the petition but did not specify the reasons for the dismissal, stating only that "the petition presents nothing upon which relief can be obtained...." Herberg then petitioned the federal district court of Arizona for habeas relief which was dismissed without prejudice because Herberg had not appropriately exhausted his state remedies.
 
 
 5
 The Supreme Court has held that a state court's rejection of a prisoner's petition is not equal to a direct appeal for exhaustion purposes "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor.' " Castille v. Peoples, 489 U.S. 346, 351 (1989) (quoting the state statute applicable in that case). The Court then renewed the validity of Ex Parte Hawk, 321 U.S. 114 (1944), where an application to the Nebraska Supreme Court for original writ of habeas corpus was held not to exhaust state remedies. See Castille, 489 U.S. at 351.
 
 
 6
 Herberg filed a writ of habeas corpus with the Arizona Supreme Court when he should have directly appealed the decision of the court of appeals to the supreme court. That court refused to hear Herberg's petition and, as the district court observed, "specifically declined jurisdiction." We agree with the district court that a denial of a habeas corpus petition is like a denial of a petition for special action and is jurisdictional. It is not a judgment on the merits of the claim. See King v. Superior Court, 673 P.2d 787, 789 (Ariz.1983). Castille and Hawk instruct us that a denial of an original writ of habeas corpus is not an exhaustion of state remedies because the scope of review is more narrow.
 
 
 7
 Herberg's failure to seek direct review of his conviction in the Arizona Supreme Court is not a procedural default adequate to bar his federal habeas petition, however. Harmon v. Ryan, 959 F.2d 1457, 1463 (9th Cir.1992). Likewise, there was ample evidence before the district court that Herberg did not knowingly, voluntarily, and intelligently waive his federal constitutional claims before the Arizona appellate court. See Johnson v. Lewis, 929 F.2d 460, 463-64 (9th Cir.1991) (interpreting Ariz.R.Crim.P. 32).
 
 
 8
 There is no indication that Herberg has ever commenced, let alone exhausted, his post-conviction remedies pursuant to Arizona Rule of Criminal Procedure 32. The district court therefore properly dismissed Herberg's petition so that he could return to Arizona Superior Court to present his claims in a petition for post-conviction relief. See Johnson, 929 F.2d at 464.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3