NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of the:

THE GOLDBERG REVOCABLE FAMILY LIVING TRUST

JASON ALAN, *Petitioner/Appellant*,

*v.*

LINDA LOBER, et al., *Respondents/Appellees*.

No. 1 CA-CV 24-0189 PB

FILED 03-18-2025

Appeal from the Superior Court in Maricopa County
No.  PB 2022-002541
The Honorable Lisa Ann VandenBerg, Judge

**AFFIRMED**

COUNSEL

Jason Alan, Hauula, HI
*Petitioner/Appellant*

Gabriel Law Group, PC, Encino, CA
By Jonathan G. Gabriel, David S. Mayes
*Co-Counsel for Respondents/Appellees*

Law Office of Nathaniel P. Nickele, PLLC, Peoria
By Nat Nickele
*Co-Counsel for Respondents/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge D. Steven Williams joined.

---

**P E R K I N S,** Judge:

¶1        Jason Alan appeals from the superior court's order denying his motion for a new trial and affirming an entry of summary judgment in favor of David Alan and Linda Lober on his claim against his grandparents' trust. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Donald ("Grandfather") and Ruth ("Grandmother") Goldberg (collectively, "Grandparents") formed the Goldberg Family Revocable Living Trust in 2005. The trust, as amended and restated in 2014, made their grandson Jason Alan a beneficiary entitled to five percent of the residue of the trust's assets. The trust also provided that Linda Lober—their daughter and Jason's aunt ("Aunt")—would serve as successor trustee if both of them became incapacitated or died. If Aunt could not serve, then David Alan—their son and Jason's father ("Father")—would serve as successor trustee.

¶3        The trust contains a no-contest provision which provides that anyone who contests the trust's validity "shall be deemed to have predeceased" the trustors.

¶4        Grandfather amended the trust in 2017. At the time, Grandmother was suffering from Alzheimer's, thus triggering the Trust's incapacity clause. The 2017 amendment removed Grandmother as trustee and designated Aunt and Father to serve as successor co-trustees upon Grandfather's death or disability. The amendment also removed Jason from the list of beneficiaries.

¶5        Grandfather amended the trust again in 2018 to dispose of a piece of real property, remove Father as successor co-trustee, and designate Aunt as sole trustee upon Grandfather's death or disability.

¶6        Grandparents died in 2021. When Jason discovered he was no longer a beneficiary, he petitioned for a declaration of his rights under the

trust. He alleged the 2017 amendment removing him as a beneficiary was invalid because Grandfather (1) lacked capacity to amend, (2) signed the amendment under undue influence, and (3) lacked authority to unilaterally amend the trust's disposition of community property. He also alleged Father and Aunt committed various breaches of their fiduciary and trustee duties.

¶7        After a discovery dispute and motion practice not relevant here, Aunt and Father moved for summary judgment. They argued that Jason lacked probable cause to support his claims and thus triggered the trust's no-contest provision. Jason did not file a response until ten days after the deadline to do so. The superior court summarily granted the motion, noting that "[n]o timely Response was filed . . . The Court, therefore, will grant the Motion for Summary Judgment."

¶8        Jason then moved for a new trial under Arizona Rule of Civil Procedure 59, arguing that (1) Aunt and Father engaged in misconduct, (2) his untimely response was the product of accident or surprise, and (3) the superior court's grant of summary judgment was not supported by the evidence. The superior court denied Jason's Rule 59 motion finding that he "failed to present any [g]rounds upon which the Court can reconsider its prior ruling."

¶9        Jason timely appealed and we have jurisdiction. A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶10        Jason argues the superior court abused its discretion in rejecting his untimely response to Aunt's motion for summary judgment, and that the resulting grant of summary judgment was improper. Jason also argues the superior court erred in denying his motion for new trial.

### I.        Summary Judgment

¶11        We review summary adjudications for a clear abuse of discretion, but review the underlying grant of summary judgment *de novo*. *Schwab v. Ames Const.*, 207 Ariz. 56, 60, ¶ 17 (App. 2004).

¶12        Arizona Rule of Civil Procedure 56(c)(2) requires a party opposing a motion for summary judgment to file his response within 30 days after he is served with the motion. Ariz. R. Civ. P. 56(c)(2). If a party opposing a motion for summary judgment fails to respond with specific facts showing a genuine issue for trial, "summary judgment, if appropriate,

shall be entered against that party." Ariz. R. Civ. P. 56(e). "A failure to respond to a motion for summary judgment . . . cannot, by itself, entitle the moving party to summary judgment." *Schwab*, 207 Ariz. at 59, ¶ 15. But a nonmoving party who fails to respond to a motion for summary judgment "does so at his peril" because the superior court may presume that any uncontroverted evidence favoring the moving party is true. *Id.* at 60, ¶ 16. If the uncontroverted evidence would entitle the moving party to summary judgment, the superior court must grant the motion. *Id.*

**¶13** Jason does not dispute that his response to the motion for summary judgment was untimely. The superior court thus had discretion to disregard his response, but we must determine whether summary judgment was appropriate on the record before the court at the time of the motion.

**¶14** Jason's petition alleged that the amendment removing him as beneficiary to Grandparents' trust was invalid and that Father and Aunt breached their duties as trustees. The trust at issue here contains a no-contest provision. "[W]hen a single petition alleges multiple challenges to a will or trust, and the challenges are brought in contravention of a no-contest provision, probable cause must exist as to each challenge." *In re Shaheen Trust*, 236 Ariz. 498, 501, ¶ 8 (App. 2015). Probable cause in this context is "the existence, at the time of the initiation of the proceeding, of evidence which would lead a reasonable person, properly informed and advised, to conclude that there is a substantial likelihood that the contest or attack will be successful." *In re Estate of Shumway*, 198 Ariz. 323, 327, ¶ 12 (2000) (quoting and adopting Restatement (Second) of Property: Donative Transfers § 9.1 cmt. j (1983)). For purposes of determining whether a no-contest provision applies, a claim against a trustee is a "contest" or "challenge." *See Shaheen*, 236 Ariz. at 501, ¶ 9. Thus, if Jason lacked probable cause for any of the multiple claims raised in his petition, the superior court was correct in applying the no-contest provision and granting summary judgment. *See id.*, ¶ 12. Whether probable cause existed "is ultimately a question of law, which we review de novo." *Id.* at 500, ¶ 7.

**¶15** Jason lacked probable cause for his claims against Father. The petition alleges that Father committed several breaches of fiduciary duties of care and loyalty. Those allegations presume that Father was a trustee subject to those duties in the first place, but Father never became a trustee under the terms of the trust or its amendments. The original trust stated that Aunt would become trustee when Grandparents both died or were unable to serve; Father would not become a trustee unless Aunt was unable to serve. The 2017 amendment designated Father and Aunt as successor co-

trustees upon the death or incapacity of both Grandparents. The 2018 amendment rescinded that designation and made Aunt the sole successor trustee. Because Grandfather lived and was capable until 2021, Father never became trustee.

¶16 Jason acknowledged in his petition that he had a copy of the trust, and the record confirms he possessed copies of the 2017 and 2018 amendments when he filed his petition. Jason does not assert he did not read the documents he had in his possession. And a reasonable petitioner seeking to properly inform himself of the bases for his claims would examine the terms of the trust he seeks to challenge. Jason thus should have been aware that Father was never a trustee.

¶17 Jason testified in a deposition that he subjectively believed Father was a trustee because Father once told him Father was going to use Jason's trust funds to pay off Father's debts, and because Father told him "at various times over the years" that Father was a trustee. Jason also conceded that he had no other facts to support his contention that Father owed trustee duties. A petitioner's subjective beliefs alone are insufficient for probable cause; "the petitioner's subjective belief must be objectively reasonable." *Shaheen*, 236 Ariz. at 501, ¶ 12. Even if we assume Jason testified truthfully, Father's representations did not and could not alter the unambiguous terms of the trust. *See In re Estate of Zilles*, 219 Ariz. 527, 530, ¶ 9 (App. 2008) (extrinsic evidence is not admissible to contradict the plain language of a trust). The record contains no other evidence upon which Jason could have based a reasonable belief that Father was subject to claims for breaches of a trustee's duties.

¶18 On appeal, Jason does not assert that he had probable cause for his claims against Father. He instead argues that summary judgment was improper because the motion for summary judgment "failed to point to any evidence in the record demonstrating that there were no genuine issues of material fact." This argument is circular. At summary judgment, the movant's burden is not to disprove a claim, but "merely [to] point out by specific reference to the relevant discovery that no evidence existed to support an essential element of the claim." *Orme Sch. v. Reeves*, 166 Ariz. 301, 310 (1990). One cannot point to evidence that does not exist.

¶19 Given the evidence as it existed when Jason filed his petition, we cannot say it was reasonable for Jason to believe he could successfully claim that Father breached trustee duties when (1) he had no evidence that Father assumed any trustee duties, and (2) the unambiguous terms of the trust stated that Father was not a trustee. Jason thus lacked probable cause

for his claims against Father. Absent probable cause for those claims, the petition as a whole fails because the no-contest provision divests Jason of his interest under the trust. *See Shaheen*, 236 Ariz. at 501, ¶ 12. Summary judgment was appropriate on that ground and we need not address the merits of Jason's remaining claims.

## II.     Motion for New Trial

**¶20**            Jason argues the superior court abused its discretion in denying his motion for new trial under Rule 59. His opening brief asserts his argument that the superior court erred in denying his Rule 59 motion "is substantially identical" to his argument that summary judgment was improper. Jason also argues the superior court should have granted a new trial because his Rule 59 motion (1) explained why his response to Aunt and Father's motion for summary judgment was untimely, and (2) pointed out their motion "had not followed the rules regarding motions for summary judgment." He says nothing more on the subject.

**¶21**            An appellant must explain his "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations to legal authorities and appropriate reference to the portions of the record on which the appellant relies." ARCAP 13(a)(7)(A). "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (cleaned up). We hold unrepresented litigants to the same standards as attorneys and do not give them special leniency. *Id.*

**¶22**            Jason's appellate briefing does not explain why his motion for new trial entitled him to the relief he sought. It also contains no citations to the record or legal authority on this issue and thus does not comply with ARCAP 13(a)(7). We are not obligated to "assume the duties of an advocate" and search the record for support for Jason's claim. *Adams v. Valley Nat. Bank of Ariz.*, 139 Ariz. 340, 343 (App. 1984). Nor are we required to allow an appellant to "simply throw [an issue] into our laps on the theory that somewhere therein is something, which made the final result in some way erroneous." *Id.* at 342 (cleaned up). We consider this issue waived.

**¶23**            Nevertheless, even if we exercised our discretion to overlook these deficiencies "in the interest of resolving appeals on the merits," *Ramos*, 252 Ariz. at 523, ¶ 10, Jason is not entitled to relief.

**¶24**        Jason moved for new trial under Rule 59 on three grounds: (1) the grant of summary judgment was contrary to law; (2) the prevailing party engaged in misconduct; and (3) accident or surprise that could not reasonably have been prevented. We review a denial of a motion for new trial for an abuse of discretion. *Delbridge v. Salt River Project Agric. Improvement & Power Dist.*, 182 Ariz. 46, 53 (App. 1994).

**¶25**        First, as we have already concluded, summary judgment was appropriate. *Supra* ¶¶ 11–19.

**¶26**        Second, Jason's motion did not allege the type of misconduct contemplated by Rule 59. Jason contended Aunt and Father engaged in misconduct because their motion for summary judgment argued for application of the no-contest provision without actually quoting the provision. He argued that omission misled the court because the no-contest provision in *Shaheen* was broader in scope, and thus *Shaheen* is distinguishable. That is a counterargument to the motion for summary judgment wearing the clothes of a Rule 59 motion. It is not an allegation of misconduct. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 25–29, ¶¶ 5–22 (App. 2000) (wrongfully withholding disclosure was misconduct justifying grant of a new trial); *Varco, Inc. v. UNS Elec., Inc.*, 242 Ariz. 166, 171, ¶¶ 14–19 (App. 2017) (counsel engaged in misconduct by repeatedly violating court's orders on motions in limine); *Leavy v. Parsell*, 188 Ariz. 69, 72 (1997) (misconduct includes counsel improperly vouching for witness's credibility).

**¶27**        Third, Jason's explanation of his untimely response to the motion for summary judgment does not demonstrate accident or surprise. Jason argued his response to the motion for summary judgment was late because on the eve of the response deadline he was surprised to discover that "pro se litigants are not permitted to e-file in probate matters." But Jason timely filed multiple motions and responses without incident in the 62 record items preceding his untimely response to the motion for summary judgment. Whatever technical difficulties he may have experienced, "a party's mere . . . neglect, inadvertence, or mistake do not justify the granting of a new trial in civil cases." *King v. Sup. Ct.*, 138 Ariz. 147, 151 (1983).

**¶28**        The superior court did not err in finding that Jason's motion failed to present grounds upon which it could grant relief.

**CONCLUSION**

¶29        We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:              JR