IN THE

# ARIZONA COURT OF APPEALS
## DIVISION TWO

---

IN RE THE SHAHEEN TRUST U/A 1/12/1994,
AS RESTATED 7/21/2000

No. 2 CA-CV 2014-0109
Filed January 16, 2015

---

Appeal from the Superior Court in Pima County
No. PB20090213
The Honorable Kyle Bryson, Judge

**REVERSED IN PART AND REMANDED**

---

COUNSEL

Munger Chadwick, P.L.C., Tucson
By Thomas A. Denker
*Counsel for Appellant Twinkle Shaheen*

Catherine Roberts, Jacksonville, Florida
George Roberts, Dunnellon, Florida
*In Propria Personae*

---

**OPINION**

Chief Judge Eckerstrom authored the opinion of the Court, in which
Judge Espinosa and Judge Kelly concurred.

---

E C K E R S T R O M, Chief Judge:

¶1            Twinkle Shaheen appeals from the trial court's
judgment refusing to apply a forfeiture provision of the Shaheen

Trust against Catherine "Pearl" Roberts and her son, George Roberts (collectively "the Robertses"), after they alleged breach of trust against Shaheen. For the following reasons, we reverse in part and remand.

**Factual and Procedural Background**

¶2        The Shaheen Trust was established in 1994, with Shaheen as the trustee. The trust included a no-contest provision, stating:

> If any beneficiary under this Trust, in any manner, directly or indirectly, contests or attacks the validity of either Settlor's Will, this Trust or any disposition under either, by filing suit against . . . Trustee . . . then any share or interest given to that beneficiary under the provisions of this Trust is hereby revoked and shall be disposed of in the same manner as if that contesting beneficiary and all descendants of that beneficiary had predeceased the Surviving Settlor.

The Robertses, both beneficiaries of the trust, filed a petition alleging multiple claims of breach of trust. Shaheen filed a counter-petition seeking an award of fees and forfeiture of beneficial interest. The trial court denied all of the Robertses' claims.[1] The court awarded Shaheen her costs and attorney fees, but denied her request to declare the Robertses' interests in the trust forfeited. Shaheen

---

[1] Because the Robertses have not appealed the trial court's denial of their claims, we do not address their arguments challenging that ruling. *See* Ariz. R. Civ. App. P. 13 bar committee note ("Absent a cross-appeal, the appellate court may not alter the lower court's judgment in a manner favorable to the appellee."); *Engel v. Landman*, 221 Ariz. 504, ¶ 17, 212 P.3d 842, 847 (App. 2009).

challenges the latter ruling on appeal. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).[2]

**Forfeiture of Interest**

**¶3** The trial court found that "the Petition in this case is an attack on the validity of a disposition under the Trust in violation of [the no-contest] provision," but also found the forfeiture of interest provision unenforceable under *In re Estate of Shumway*, 198 Ariz. 323, 9 P.3d 1062 (2000). Whether an *in terrorem* or no-contest clause is enforceable is an issue of law, which we review de novo. *In re Estate of Stewart*, 230 Ariz. 480, ¶ 13, 286 P.3d 1089, 1093 (App. 2012).

**¶4** Shaheen contends that, because A.R.S. § 14-2517 refers only to wills, and not to trusts, no-contest provisions in trusts are valid and enforceable regardless of whether probable cause existed to bring a challenge. The trial court, in relying on *Shumway*, noted that case involved a will, not a trust. 198 Ariz. 323, ¶ 1, 9 P.3d at 1063-64. Nevertheless, the court stated there was "no reason to apply a different standard in the context of other donative transfers." But *Shumway*, which invalidated no-contest provisions of wills in cases where probable cause existed to bring the challenge, interpreted and applied § 14-2517. 198 Ariz. 323, ¶ 1, 9 P.3d at 1063-64. And in *Stewart*, this court concluded § 14-2517 applies only to wills, and not to trusts. 230 Ariz. 480, n.4, 286 P.3d at 1093 n.4.

---

[2]The Robertses argue that we should dismiss this case because Shaheen failed to comply with Rule 13(a)(3), Ariz. R. Civ. App. P., which requires an opening brief to "indicat[e] briefly the basis of the appellate court's jurisdiction." Although Shaheen did not specifically cite §§ 12-120.21 and 12-2101, she explained that she was appealing from a judgment of the superior court, which we believe is sufficient. *See Associated Aviation Underwriters v. Wood*, 209 Ariz. 137, ¶ 147, 98 P.3d 572, 614 (App. 2004) (noting disfavor of hypertechnical arguments and preference for disposing of cases on merits); *see also Ghadimi v. Soraya*, 230 Ariz. 621, ¶ 7, 285 P.3d 969, 970 (App. 2012) (court of appeals has "independent duty to examine whether we have jurisdiction over matters on appeal").

¶5        Because § 14-2517 does not apply to trusts, there is no statutory authority concerning the question of whether a no-contest provision in a trust is enforceable when probable cause existed to bring a challenge.  And because *Shumway* applied and interpreted § 14-2517, it is likewise inapplicable.

¶6        Arizona courts will apply the Restatement in the absence of contrary authority, *In re Herbst*, 206 Ariz. 214, ¶ 17, 76 P.3d 888, 891 (App. 2003), and, as the trial court noted, the Restatement (Second) of Property (Donative Transfers) § 9.1 cmt. l (1983) suggests treating no-contest provisions in wills and trusts the same.  Although *Stewart* concluded that § 14-2517 does not apply to trusts, it did not conclude that no-contest provisions in trusts are enforceable without regard to probable cause; indeed, it suggested exactly the opposite.  230 Ariz. 480, ¶ 1, n.4, 286 P.3d at 1091, 1093 n.4.  In short, although no-contest provisions in wills are governed by statute, and no-contest provisions in trusts are governed by the Restatement, the standard for evaluating the enforceability of such clauses does not differ between wills and trusts.  Accordingly, we find the trial court did not err in applying *Shumway* and concluding that the no-contest provision would be invalid if the Robertses had probable cause to bring their petition.

## Probable Cause

¶7        Shaheen next claims the trial court erred in finding the Robertses had probable cause to bring the petition.  We defer to a trial court's determination of the factual basis underlying a claim; however, whether probable cause existed in a particular case is ultimately a question of law, which we review de novo.  *Shumway*, 198 Ariz. 323, ¶ 9, 9 P.3d at 1065.  Shaheen suggests that, to avoid forfeiture, there must have been probable cause for each of the Robertses' nine claims.  We agree.

¶8        We have found no authority governing this issue.  But, for the following reasons, we conclude that when a single petition alleges multiple challenges to a will or trust, and the challenges are brought in contravention of a no-contest provision, probable cause must exist as to each challenge.

¶9        The text of the Restatement explains that no-contest clauses are enforceable unless probable cause supports a "contest." Restatement § 9.1.  Black's Law Dictionary defines the verb "contest" as "[t]o litigate or call into question; challenge."  386 (10th ed. 2014). When a party brings nine claims against a trustee, as the Robertses have done here, that party litigates nine different challenges, and, accordingly, contests nine separate claims.  If these nine claims had been presented in nine separate petitions, there would be no question that probable cause would have to support each claim to avoid forfeiture.  We see no reason for a different result merely because the claims were asserted in a single petition.

¶10       In enforcing no-contest clauses in the context of wills, except where probable cause exists to bring a challenge, our supreme court has balanced important public policy concerns. "Public policy reasons to support penalty clauses include preserving the transferor's donative intent, avoiding waste of the estate in litigation, and avoiding use of a will contest to coerce a more favorable settlement to a dissatisfied beneficiary."  *Shumway*, 198 Ariz. 323, ¶ 7, 9 P.3d at 1065.  Litigating nine separate claims is necessarily more costly than litigating a single claim.  Clearly, if a petition asserts one claim that is supported by probable cause and eight claims that are not, that petition will result in greater expense to the trust than the litigation of a single claim.  Furthermore, if probable cause for a single claim protected a party from disinheritance under a no-contest clause, that party could file a petition with one legitimate claim and any number of frivolous claims, thereby using the threat of extensive litigation to "coerce a more favorable settlement."  *Id.*

¶11       The public policy reasons for supporting enforcement of no-contest provisions must be balanced against the importance of allowing parties to prove a donative transfer is genuinely invalid. *Id.*  But requiring probable cause for each challenge raised in a single petition does nothing to harm that interest.  It merely ensures that parties will carefully consider each challenge they might raise before filing a petition and instituting costly litigation.

**¶12**        Because we conclude probable cause must support each individual challenge brought to a donative transfer, if any of the Robertses' claims was not supported by probable cause, the trial court erred in refusing to declare their interests in the trust forfeited. Probable cause, in this context, is defined as "the existence, *at the time of the initiation of the proceeding*, of evidence which would lead a *reasonable person, properly informed and advised,* to conclude that there is a *substantial likelihood that the contest or attack will be successful*." *Id.* ¶ 12, *quoting* Restatement § 9.1 cmt. j (emphasis in *Shumway*). Subjective belief that the claims are likely to succeed, while required, is not sufficient; the petitioner's subjective belief must be objectively reasonable. *Id.* ¶ 13; *cf. Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 417, 758 P.2d 1313, 1319 (1988) (discussing analogous test for malicious prosecution).

**¶13**        One of the claims brought by the Robertses was that Shaheen was required to make yearly, rather than monthly, distributions to herself.[3] The trial court found that the claim had no merit, noting the "trust instrument itself does not provide for such a requirement." The court further found that the Robertses had not cited any legal authority or presented any credible evidence to support the position. The court stated that the Robertses "had a reasonable subjective belief in the likelihood of the validity of their claims, based on the information they had at the time they filed the petition," but did not explain what that information was. Nor did the court explain how that information made their claim reasonable despite the absence of supportive language in the trust document, legal authority, or other credible evidence. The Robertses have not pointed to, nor have we found, anything in the record that would show this claim was objectively reasonable. We therefore must conclude the court erred when it found the Robertses' claims were

---

[3] The Robertses' petition contained "a multitude of allegations," which the trial court "distilled into nine separate claims of breach of trust." They have not contested on appeal the court's characterization of their claims.

supported by probable cause and refused to enforce the forfeiture provision of the Shaheen Trust against them.

## Disposition

**¶14** For the foregoing reasons, the portion of the judgment declining to enforce the no-contest provision of the Shaheen Trust is reversed. We remand this case to the trial court for entry of an order of forfeiture against the Robertses.