IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

ROBERT E. WULF, *Deceased.*

DEBORA A. BARROW, et al., *Petitioners/Appellees,*

*v.*

RON WULF, *Respondent/Appellant.*

No. 1 CA-CV 16-0317
FILED 10-12-2017

Appeal from the Superior Court in Maricopa County
No. PB2010-070797
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Warner Angle Hallam Jackson & Formanek, PLC, Phoenix
By Jerome K. Elwell, Phillip B. Visnansky
*Counsel for Respondent/Appellant*

Gorman & Jones, PLC, Sun City
By Andrew P. Gorman
*Co-Counsel for Petitioners/Appellees*

Padish & Wells, PLLC, Scottsdale
By James E. Padish
*Co-Counsel for Petitioners/Appellees*

---

**OPINION**

---

Judge James P. Beene delivered the opinion of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**B E E N E**, Judge:

**¶1**        Ron Wulf, trustee for the Wulf Family Support Trust, Wulf Family Trust, and Wulf Irrevocable Trust (collectively, the "Trusts"), appeals the superior court's finding that probable cause supports beneficiaries' Arizona Adult Protective Services Act ("APSA") claim, and thus, did not trigger the *in terrorem* clauses in the Trusts. Wulf contends that each factual allegation giving rise to a claim challenging an *in terrorem* clause must be supported by probable cause. Because A.R.S. § 14-2517 requires only that the beneficiaries' claim—and not each of the underlying factual allegations—be supported by probable cause, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        Each of the Trusts contain an *in terrorem* clause.[1] In October 2013, beneficiaries of the Trusts, Debora Barrow and Kathi Wulf ("Beneficiaries"), petitioned to remove Wulf as trustee. Beneficiaries amended the petition in April 2014 to add an alleged violation of APSA. Ariz. Rev. Stat. ("A.R.S.") § 46-456 (2017).[2] Beneficiaries asserted seven factual allegations of financial exploitation in support of their APSA claim:

---

[1]        Two of the *in terrorem* clauses are identical, and the third has the same effect as the other clauses. An *in terrorem* clause, or no-contest clause, is a provision that threatens to dispossess any beneficiary who challenges the terms of a trust or will. Black's Law Dictionary 1073 (8th ed. 2004). An *in terrorem* clause is invalid as a matter of law if probable cause supports the beneficiaries' claim challenging the trust or will. A.R.S. § 14-2517 (2017).

[2]        Absent material revisions after the relevant date, we cite a statute's current version.

(1) $200,000 withdrawn from a bank account, which is unaccounted for;
(2) proceeds from the sale of real property owned by the Trusts amounting to $120,790.64 are unaccounted for;
(3) $20,000 withdrawn from a bank account, which is unaccounted for;
(4) A $11,351.52 purchase and installation of solar panels;
(5) Wulf opened a bank account and added the vulnerable adult to the account;
(6) A $10,990.14 check was issued from the Trusts to Wulf Urethane, Inc.;
(7) A $7,000 check issued to a law firm.

¶3         Wulf counterclaimed seeking to enforce the *in terrorem* clauses of the Trusts.  Beneficiaries then filed a motion for partial summary judgment seeking to invalidate the *in terrorem* clause, but the superior court denied the motion, ruling that the Beneficiaries' complaint "trigger[ed] the *in terrorem* provisions of the three trusts."  The superior court also ruled that there were disputed issues of material fact regarding whether Beneficiaries had probable cause, as required by A.R.S. § 14-2517, for their APSA claim.

¶4         The superior court ordered a bifurcated trial to determine whether there was probable cause for the Beneficiaries' APSA claim. Before the bifurcated trial, this court issued its opinion in *In re Shaheen Trust*, 236 Ariz. 498 (App. 2015).  In a motion *in limine*, Wulf contended that under *Shaheen*, all of Beneficiaries' allegations must be supported by probable cause.

¶5         After oral argument, the superior court determined that "the parties and the Court have always treated the Beneficiaries' claim that triggers the *in terrorem* clause as one claim[.]"  Therefore, the court ruled that the Beneficiaries "need only establish 'probable cause' for [the APSA claim as a whole] and not for each and every allegation that may support that claim."  Alternatively, and in the event *Shaheen* would bar Beneficiaries' claim, the superior court determined that *Shaheen* did not retroactively apply.

¶6         After an evidentiary hearing, the court ruled that "most of the contested allegations . . . do not give rise to 'probable cause,'" but found that Beneficiaries, "by the thinnest of margins," had shown probable cause for their APSA claim.  At Wulf's request, the court entered

partial final judgment on that decision pursuant to Arizona Rule of Civil Procedure 54(b).

**¶7**         Wulf timely appealed the superior court's ruling. We have jurisdiction pursuant to A.R.S. § 12-120.21(A)(1) (2017).

## DISCUSSION

**¶8**         Wulf argues that the superior court erred in its application of *Shaheen* and finding that it does not apply retroactively. Whether the superior court erred in its interpretation of *Shaheen* is a question of law, which we review *de novo*. *Enter. Leasing Co. of Phx. v. Ehmke*, 197 Ariz. 144, 148, ¶ 11 (App. 1999).

**¶9**         In *Shaheen*, beneficiaries of a trust containing an *in terrorem* clause "filed a petition alleging multiple claims of breach of trust." 236 Ariz. at 499, ¶ 2. The beneficiaries' petition "contained a multitude of allegations, which the trial court distilled into nine separate claims of breach of trust." *Id*. at 501 n.3, ¶ 13 (internal quotations omitted). The beneficiaries, however, did not appeal the characterization of their allegations as claims. *Id*. In response, the trustee filed a counter-petition requesting the beneficiaries' interest in the trust be forfeited pursuant to the *in terrorem* clause. *Id*. at 499-500, ¶ 2. The superior court denied the trustee's counter-petition, holding that the *in terrorem* clause was unenforceable. *Id*. This court reversed, holding that the *in terrorem* clause was enforceable, and "there must have been probable cause for each of the [beneficiaries'] nine claims." *Id*. at 500, ¶ 7. Citing public policy, including the cost of litigation and the donative intent of the transferor, this court reasoned:

> When a party brings nine claims against a trustee, as the [beneficiaries] have done here, that party litigates nine different challenges, and, accordingly, contests nine separate claims. If these nine claims had been presented in nine separate petitions, there would be no question that probable cause would have to support each claim to avoid forfeiture. We see no reason for a different result merely because the claims were asserted in a single petition.

*Id*. at 501, ¶ 9.

**¶10**         Wulf incorrectly construes *Shaheen* to require that all allegations of financial exploitation be supported by probable cause. On the contrary, *Shaheen* held that all claims must be supported by probable

cause, but did not apply that same standard to their underlying allegations.

¶11        Interpreting *Shaheen* as requiring parties to support each factual allegation with probable cause is contrary to A.R.S. § 14-2517. This statute provides that an *in terrorem* clause is unenforceable "if probable cause exists for *that action*." A.R.S. § 14-2517 (emphasis added). Ordinarily, an action is "any matter or proceeding in a court, civil or criminal." A.R.S. § 1-215(1) (2017); *see also Semple v. Tri-City Drywall, Inc.*, 172 Ariz. 608, 611 (App. 1992) ("The common definition of action is a proceeding in a court of justice by which one demands or enforces one's right.") (internal citation and quotations omitted). If the Legislature intended to require probable cause exist for each allegation, rather than the entire suit, it would have explicitly said so. *See Orca Commc'ns Unlimited, LLC v. Noder*, 236 Ariz. 180, 182, ¶ 10 (2014). Instead, the Legislature used "action." Under § 14-2517, Beneficiaries are not required to demonstrate probable cause for each factual allegation.

¶12        Wulf contends that each allegation of financial exploitation is a separate claim by Beneficiaries. However, a plain language interpretation of the word "claim" further evidences the fact that Wulf misconstrues *Shaheen*.

¶13        Neither APSA nor Title 46, chapter 4 of the Arizona Revised Statutes defines "claim." Therefore, we turn to the ordinary meaning of the word and look to the dictionary for guidance. *See DBT Yuma, L.L.C. v. Yuma Cty. Airport Auth.*, 238 Ariz. 394, 396, ¶ 9 (2015). A "claim" ordinarily means a "cause of action." *Resolution Trust Corp. v. W. Tech., Inc.*, 179 Ariz. 195, 201 (App. 1994). On the other hand, an allegation can mean something quite different, such as a "declaration that something is true; esp., a statement, not yet proved, that someone has done something wrong or illegal." Black's Law Dictionary 81 (8th ed. 2004).

¶14        Here, Beneficiaries asserted as a claim a violation of APSA, and sought financial and equitable remedies. The APSA violation was the claim because it provided the statutory grounds for the relief sought by Beneficiaries. The violation of APSA was based on allegations that Wulf misused or appropriated over $370,000 worth of the Trusts' property. The allegations of financial exploitation were just that—allegations. They were declarations of Wulf's wrongdoing, giving rise to Beneficiaries' APSA claim. And as the superior court noted, the court and the parties "always

treated the Beneficiaries' claim that triggers the *in terrorem* clause as one claim – an [APSA] claim." [3]

## CONCLUSION

¶15      For the foregoing reasons, we affirm the superior court's decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[3]      Because *Shaheen* does not require Beneficiaries to have all factual allegations underlying a claim be supported by probable cause, we need not address the superior court's retroactivity analysis.