NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of the Estate of:

JOSEPH O. LAMPE, *Deceased*.

MARK WARREN LAMPE, et al., *Plaintiffs/Appellants*,

*v.*

MARGUERITE "SHAWN" LAMPE, *Defendant/Appellee*.

No. 1 CA-CV 20-0620
No. 1 CA-CV 20-0711
(Consolidated)
FILED 9-21-2021

Appeal from the Superior Court in Maricopa County
No. PB2019-002310
The Honorable Julie Ann Mata, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

The Law Office of Christopher Goodman, Phoenix
By Christopher M. Goodman
*Counsel for Plaintiffs/Appellants*

Snell & Wilmer LLP, Phoenix
By Kevin J. Parker, Robin L. Miskell
*Co-Counsel for Defendant/Appellee*

Tiffany & Bosco, P.A., Phoenix
By James Fassold, Elise B. Adams
*Co-Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer M. Perkins joined.

---

**C R U Z**, Judge:

¶1 Mark Warren Lampe and Craig Stryker Lampe ("Plaintiffs") appeal from two superior court orders granting summary judgment in favor of Marguerite "Shawn" Lampe, as Trustee of the JSL Trust and Personal Representative of the Estate of Joseph O. Lampe ("Shawn").[1] For the reasons below, we affirm the summary judgment on the statute of limitations and the related fee award but vacate the summary judgment on the no-contest clause and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In 2016, after approximately twenty-eight years of marriage, Joseph and Shawn created the JSL Trust ("the Trust"). The Trust was revocable but became irrevocable upon Joseph's death. *See* JSL Trust § 1.5. Joseph died on January 25, 2018. Joseph had three adult sons: Scott, Mark, and Craig Lampe; and Shawn has one adult son, Anthony Garcia.

¶3 Plaintiffs were qualified beneficiaries of the Trust and received a letter from Shawn's attorney dated October 17, 2018, nearly nine months after Joseph died, that included copies of his Will and the Trust. According to Plaintiffs, Shawn refused to provide additional information about the Trust despite several requests from late 2018 through 2019. As a result, Plaintiffs hired an attorney in July 2019, who formally requested more information from Shawn's attorney on August 19, 2019. Claiming

---

[1] We refer to the parties and decedent by their first names when necessary, to avoid confusion.

Shawn failed to provide the requested information, Plaintiffs petitioned to formally probate the Will and contested the validity of the Trust. Plaintiffs alleged that the one-year statute of limitations in Arizona Revised Statutes ("A.R.S.") section 14-10604(A) did not bar their claim and that the Trust's no-contest clause was unenforceable because they had probable cause to challenge the Trust based on evidence that Joseph lacked testamentary capacity and that Shawn exerted undue influence.[2]

**¶4**          Shawn responded and moved for summary judgment on the ground that the one-year statute of limitations in § 14-10604(A)(1) barred Plaintiffs' challenge to the Trust. The superior court agreed, and after denying Plaintiffs' motion for reconsideration, entered judgment in favor of Shawn on Plaintiffs' challenge to the validity of the Trust and awarded Shawn $30,832.50 in attorneys' fees. Plaintiffs timely appealed from this judgment.

**¶5**          Shawn also moved for summary judgment to enforce the Trust's no-contest clause. *See* JSL Trust § 12.1. Plaintiffs argued that the no-contest clause was unenforceable because they had probable cause to challenge the validity of the Trust and the application of the one-year statute of limitation. The superior court found that Plaintiffs lacked probable cause to challenge the Trust because their petition was time-barred. The court granted summary judgment, enforced the no-contest clause, and removed Plaintiffs as beneficiaries. Plaintiffs appealed from this judgment, and both appeals were consolidated.

## DISCUSSION

**¶6**          Summary judgment is proper only when "the moving party shows that there is no genuine dispute as to any material fact and . . . is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). The superior court should grant summary judgment "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme School v. Reeves*, 166 Ariz. 301, 309 (1990). We view the evidence in the light most favorable to the parties against whom judgment was entered and

---

[2]      The no-contest provision applied if a beneficiary contested or sought to invalidate the Will or Trust, claimed an oral agreement that contradicts the Will or Trust, sought to change the character of property subject to the Will or Trust, or conspired with or financially assisted any of these actions. *See* JSL Trust § 12.1.

review de novo whether genuine issues of material fact exist and whether the superior court properly applied the law. *Awsienko v. Cohen*, 227 Ariz. 256, 258, ¶ 7 (App. 2011).

I.       The Statute of Limitations

A.       The Statute of Limitations Applies to the Trust

**¶7**            The superior court held that the one-year statute of limitations in A.R.S. § 14-10604(A) barred Plaintiffs' challenge to the validity of the Trust.   Citing *In re Estate of Sibley*, 246 Ariz. 498, 501, ¶ 10 (App. 2018), Plaintiffs argue that § 14-10604(A) does not apply because the Trust became irrevocable upon Joseph's death.

**¶8**            Section 14-10604(A) states:

A person may commence a judicial proceeding to contest the validity of a trust that was revocable at the settlor's death within the earlier of:

1.       One year after the settlor's death.

2.       Four months after the trustee sent the person a copy of the trust instrument and a notice informing the person of the trust's existence, of the trustee's name and address and of the time allowed for commencing a proceeding.

This statute, like § 604 of the Uniform Trust Code ("U.T.C.") on which it is based, "applies only to a revocable trust that becomes irrevocable by reason of the settlor's death."   U.T.C. § 604, cmt. (2000).   The Trust was revocable until Joseph's death and thereafter became irrevocable.  *See* JSL Trust § 1.5.

**¶9**            Contrary to Plaintiffs' assertions, *Sibley*, 246 Ariz. at 501, ¶ 10, is not analogous.  In *Sibley*, the trust was revocable before the settlor's death, but the beneficiary challenged co-trustees' attempt to alter the trust *after* it became irrevocable, thus § 14-10604 did not apply.  *Id.* at 500-01, ¶¶ 4, 10. The co-trustees in *Sibley* restated the original trust into a second trust and sought approval of the restated trust, but one beneficiary objected.  *Id.* at ¶ 8.   The co-trustees argued that § 14-10604 barred the beneficiary's objection.  *Id.* at 501, ¶ 10.  The beneficiary, however, had not challenged the original trust; instead, he challenged the restated trust, which had become irrevocable after the settlor's death.  *Id.*  Because the statute of limitations in § 14-10604 applies only to revocable trusts, the court held that

4

it did not bar the beneficiary's challenge to the restatement of the trust after it had become irrevocable. *Id.*[3]

**¶10**        In contrast, here, Plaintiffs' petition challenged the original Trust, which was revocable until Joseph's death. Because they filed the petition more than one year after Joseph's death, it was untimely under § 14-10604(A)(1).

### B.        No Exceptions to the Statute of Limitations Apply

**¶11**        Plaintiffs argue that, even if the Trust falls within § 14-10604, the statute should not apply because: (1) it creates an arbitrary bar; (2) it is unfair to apply the statute when the trustee has not complied with the reporting requirement of § 14-10813; and (3) Shawn should be equitably estopped from invoking the statute of limitations.

**¶12**        Plaintiffs contend that the one-year statute of limitation in § 14-10604(A)(1) is arbitrary because the U.T.C. § 604 sets forth a three-year limitations period. The comments to U.T.C. § 604 state that it is "designed to allow an adequate time in which to bring a contest while at the same time permitting the expeditious distribution of the trust property following the settlor's death." U.T.C. § 604, cmt. Additionally, the three-year period in U.T.C. § 604 corresponds to the three-year limitation for contesting a non-probated will under the Uniform Probate Code ("U.P.C.") § 3-108 (2019). Citing those provisions, Plaintiffs argue that the appropriate limitations period should be three years.

**¶13**        The legislature is empowered to enact statutes of limitations to protect against stale claims. *Florez v. Sargeant*, 185 Ariz. 521, 528 (1996). Determining the appropriate limitations period involves "very delicate policy decisions that properly belong to the legislative branch of government. If the legislature wants to [enlarge the limitations period], it is, of course, free to do so. But the weighing, balancing, and policy making that go into such an enterprise are properly legislative, not judicial tasks."

---

[3]        Plaintiffs also cited *In re Walter W. Quisling and Marcella E. Quisling Revocable Trust*, 1 CA-CV 14-0322, 2015 WL 3767295, at *1, ¶¶ 6-7 (Ariz. App. June 16, 2015) (mem. decision). *See* Ariz. R. Sup. Ct. 111(c)(1)(C). Like *Sibley*, *Quisling* concerned an amendment to a trust that had become irrevocable upon the settlor's death. 2015 WL 3767295, at *1, ¶¶ 4-5. Because the challenge was not to the original trust, which by its terms was revocable until the settlor's death, but was aimed instead at the post-death amendment, the court held § 14-10604 did not apply. *Id.* at ¶ 7.

*Id.* at 529; *see also Landgraff v. Wagner*, 26 Ariz. App. 49, 55 (1976) (rejecting due process challenge to statute of limitations that barred claims even when the claimants were unaware of their injuries). It is not for this court to determine "[w]hether the legislative policy behind the statute is good or bad."). *Landgraff*, 26 Ariz. App. at 55. Whether a different limitations period is appropriate in some cases is a question that is properly directed to the legislature.

¶14         Plaintiffs next contend that courts should not apply the one-year statute of limitations when "formal notice of the trust is lacking." Under A.R.S. § 14-10813(B)(3), a trustee of an irrevocable trust must notify qualified beneficiaries within sixty days after the trustee learns of the trust. According to Plaintiffs, it is unfair for the limitations period to start running before this notice is provided.

¶15         "'When interpreting a statute, we look first to the plain language because that is "the best and most reliable indicator of a statute's meaning."'" *Ader v. Estate of Felger*, 240 Ariz. 32, 36, ¶ 9 (App. 2016) (quoting *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 178, ¶ 6 (App. 2008)). Notice is not required to start the limitations period in § 14-10604(A)(1). The statute unambiguously contains one time period that applies when notice is given, *i.e.*, § 14-10604(A)(2), and one time period that applies in all other cases, *i.e.*, § 14-10604(A)(1). The statute plainly states that the applicable filing deadline is the *earlier* of the two subsections. A.R.S. § 14-10604(A). Thus, the legislature has determined that a four-month limitations period applies when notice is given and that a one-year period applies *in all other cases*. We will not impose an additional notice requirement when the plain language of § 14-10604(A)(1) does not include one. *See Ader*, 240 Ariz. at 39, ¶ 19.

¶16         In support of their contention that notice is required to trigger the limitations period, Plaintiffs cite A.R.S. § 14-11005(A), which provides that the one-year limitation period for a breach of trust claim starts when there is adequate disclosure that a potential claim exists. Here, we are not addressing the breach of trust claim, but rather Plaintiffs' challenge to the validity of the Trust. Further, the inclusion of the adequate disclosure requirement in § 14-11005(A) shows that the legislature knows how to include a notice provision when it intends to do so. *See Ader*, 240 Ariz. at 39, ¶ 19.

¶17         We also reject Plaintiffs' contention that the sixty-day notice requirement of § 14-10813(B)(3) is mandatory and cannot be modified by the terms of a trust. The Trust expressly modified this sixty-day notice

period by requiring the trustee to give notice within a "reasonable time after accepting the trusteeship[.]" *See* JSL Trust § 11.4(b).

¶18 By statute, the terms of a trust prevail except for several statutory requirements that cannot be modified. A.R.S. § 14-10105(B). The sixty-day notice provision in § 14-10813(B)(3) is not listed among the terms that cannot be modified. *See* A.R.S. § 14-10105(B). The terms of the trust cannot alter a trustee's "duty to respond to the request of a qualified beneficiary of an irrevocable trust for trustee's reports and other information reasonably related to the administration of a trust." A.R.S. § 14-10105(B)(8). But the statute does not specify any time period by which a trustee must respond to requests for information. A trust report must be provided "at least annually" under § 14-10813(C). Thus, Arizona law did not preclude the Trust from stating that Shawn had an obligation to provide notice within a reasonable time after accepting the trusteeship and to respond within a reasonable time period to requests from current beneficiaries for a trust report and other information. *See also* U.T.C. § 105, cmt. (noting that U.T.C. § 105(b)(9), which is similar to A.R.S. § 14-10105(B)(8), specifies limits upon the settlor's ability to waive notice requirements, which include providing a copy of the trust or annual reports).

¶19 Plaintiffs argue that permitting a trust to modify the sixty-day notice requirement could allow a trustee to delay giving notice until after the limitations period has run. That did not occur, so we need not address this possibility. Shawn provided Plaintiffs with notice and a copy of the Trust more than three months before the one-year limitations period ended.

¶20 Finally, Plaintiffs claim Shawn should be equitably estopped from invoking the statute of limitations because of her alleged bad faith. According to Plaintiffs, Shawn acted in bad faith by not disclosing the existence of the Trust for nearly nine months after Joseph's death and the notice lacked sufficient information and did not mention the one-year statute of limitations. Plaintiffs also allege that Shawn ignored and inadequately responded to their reasonable inquiries about the Trust and raised the no-contest clause in response to these reasonable requests. Plaintiffs also assert that within months after Joseph's death, Mark contacted one of Joseph's estate attorneys but received no information.

¶21 Shawn disputes that Plaintiffs requested information after she formally notified them of the Trust but contends that any factual dispute is irrelevant because her actions did not absolutely prevent Plaintiffs from bringing a timely claim. Plaintiffs contend they did not file the petition any

earlier because they relied on assertions from Shawn's attorney that Shawn would provide a trust report and "answer questions of a general nature." Plaintiffs also argue that they could not petition any earlier because they had to first determine whether there was probable cause to challenge the Trust to avoid violating the Trust's no-contest clause.

¶22 The doctrine of equitable estoppel applies when the acts or representations of one induce another to believe that certain facts exist and the other justifiably acts in reliance on those facts to their detriment. *Heltzel v. Mecham Pontiac*, 152 Ariz. 58, 61 (1986). Plaintiffs have not shown that estoppel applied here. Although Shawn, through her attorney, promised to respond to their inquiries, if, as Plaintiffs allege, Shawn continued to ignore requests for information as the end of the limitations period approached, then Plaintiffs could no longer *reasonably* rely on the assertion that Shawn would provide the information. *See Suburban Pump & Water Co. v. Linville*, 60 Ariz. 274, 284-85 (1943) (holding there was no reasonable reliance when a party "ignores highly suspicious circumstances which should warn him of danger or loss.").

¶23 Assuming the truth of the facts alleged by Plaintiffs, as discussed *supra* ¶ 21, they have not shown they reasonably relied on Shawn's promise. To the contrary, the facts suggested that Plaintiffs would have to ask the court to compel Shawn to provide the information they sought. Plaintiffs claim their hands were tied by the no-contest clause, which required probable cause to challenge the Trust. But an action to obtain information necessary to decide whether to institute a proceeding against Shawn would not trigger the no-contest provision. *See* JSL Trust § 12.1. To be sure, Shawn's conduct created a short time frame in which Plaintiffs could assert their rights, but Plaintiffs were not absolutely prevented from acting before the limitations period expired. Thus, the doctrine of equitable estoppel does not preclude application of the statute of limitations to Plaintiffs' claim. We affirm the grant of summary judgment in favor of Shawn on the statute of limitations.[4]

II.     A Question of Fact Precludes Summary Judgment on the No-Contest Clause

¶24 The Trust contained a no-contest clause that terminated the interest of any beneficiary who contested or objected to the validity of any provision in the Trust. *See* JSL Trust § 12.1. A no-contest clause is

---

[4]     Given this resolution, Shawn's request for judicial notice of deeds and a notice to creditors is moot.

enforceable unless the party challenging the trust has probable cause to support the contest. A.R.S. § 14-10113; *see also In re Shaheen Trust*, 236 Ariz. 498, 500, ¶ 6 (App. 2015). Probable cause means "the existence, *at the time of the initiation of the proceeding*, of evidence which would lead *a reasonable person, properly informed and advised*, to conclude that there is a *substantial likelihood that the contest or attack will be successful*." *In re Estate of Shumway*, 198 Ariz. 323, 327, ¶ 12 (2000) (quoting Restatement (Second) of Property: Donative Transfers § 9.1 cmt. j (1983) ("Restatement")). A subjective belief is not sufficient; the belief must be "objectively reasonable." *Shaheen*, 236 Ariz. at 501, ¶ 12 (citation omitted).

¶25       The superior court found that Plaintiffs lacked probable cause to believe they would succeed on their challenge because § 14-10604(A)(1) "automatically" barred Plaintiffs' claim and Shawn's attorney had warned them before they filed their petition that it was time-barred. Plaintiffs contend the court should have considered the likelihood of success on all issues. But Shawn did not argue that Plaintiffs lacked probable cause to allege undue influence and lack of testamentary capacity, only that there was no probable cause to file a petition after the limitations period had run.

¶26       Whether probable cause existed "is ultimately a question of law, which we review de novo." *Shaheen*, 236 Ariz. at 500, ¶ 7 (citing *Shumway*, 198 Ariz. at 326, ¶ 9). The superior court decided this issue on summary judgment, unlike *Shumway* and *Shaheen*, in which the superior court sat as the fact-finder. Summary judgment is proper only if no juror could agree that a "*reasonable person, properly informed and advised*," would conclude that there is substantial likelihood that Plaintiffs could successfully challenge the statute of limitations. *Shumway*, 198 Ariz. at 327, ¶ 12. In reviewing the superior court's ruling, we must view the evidence in the light most favorable to Plaintiffs and review de novo whether genuine issues of material fact exist. *Awsienko*, 227 Ariz. at 258, ¶ 7. We also keep in mind that no-contest clauses "work a forfeiture, which is disfavored in the law." *Shumway*, 198 Ariz. at 328, ¶ 14 (citations omitted).

¶27       The superior court relied, in part, on the fact that Shawn's attorney told Plaintiffs that their claim was time-barred, but a reasonable person need not accept the position of opposing counsel. This is particularly so when, as here, Plaintiffs were represented by their own attorney, who provided contrary arguments as to why the statute of limitations did not apply. *See id.* at 328, ¶ 15 (holding that "[o]ne important factor used to determine whether the will contest was filed with probable cause is that the beneficiaries relied on the advice of disinterested counsel, sought in good faith after a full disclosure of the facts." (citing (indirectly)

to Restatement § 9.1 cmt. j)).[5] Filing a claim outside the limitations period is not objectively unreasonable *if* Plaintiffs reasonably believed in the success of their argument that an exception to the statute of limitations existed.

¶28  To support their equitable estoppel claim, Plaintiffs argued that Shawn acted in bad faith by waiting nine months after Joseph's death to notify them of the Trust. Plaintiffs further asserted that although Shawn promised to answer general questions, she failed to provide complete information about Trust assets and ignored their requests for additional information. Shawn continued to refuse to disclose certain information even after Plaintiffs retained counsel, who questioned the lack of response. Shawn's attorney did not tell Plaintiffs their claim was barred by the one-year statute of limitations until after Plaintiffs notified Shawn of their intent to file a claim. Shawn denied that Plaintiffs requested additional information before the statute of limitations expired. The parties also disputed whether Shawn's notice provided adequate information and whether Plaintiffs were entitled to the additional information they requested.

¶29  These factual disputes must be resolved before the court can determine whether Plaintiffs could have objectively believed that their estoppel argument had a substantial likelihood of success. *See Bird v. Rothman*, 128 Ariz. 599, 603 (App. 1981) (in a malicious prosecution case, "[a]ll issues of a party's reasonable belief and prudence in bringing an action are to be decided by the court. The only function of the jury in the determination of probable cause is to determine the actual facts of what the prosecuting party or attorneys performed in the way of investigation and research."). For example, it would be objectively unreasonable to believe an estoppel argument could prevail if Plaintiffs did not communicate with

---

5  Restatement § 9.1 was renumbered to § 8.5 in Restatement (Third) of Property (Wills & Donative Transfers) (2003). Although both versions include a probable cause exception to no-contest clauses, Restatement (Third) § 8.5, comment c, unlike § 9.1 comment j, and contrary to *Shumway*, adds that "[t]he mere fact that the person mounting the challenge was represented by counsel is not controlling" because a party challenging a donative transfer is "normally" represented by counsel. This change in the treatment of the advice of counsel does not impact our decision because our finding of probable cause is not based *solely* on the fact that Plaintiffs had counsel.

Shawn until they hired an attorney in July 2019 (after the limitations period had expired) or if they sought information to which they were not entitled.

**¶30** As discussed above, these questions of fact did not preclude summary judgment on the statute of limitations. But these are two separate considerations. The relevant inquiry in deciding the no-contest clause summary judgment motion is whether, at the time they filed the petition, Plaintiffs reasonably believed there was a substantial likelihood that they could defeat the statute of limitations. On that issue, reasonable minds could differ. That Plaintiffs ultimately lost their challenge to the statute of limitations does not necessarily mean they lacked probable cause to assert it. "[T]he definition of probable cause does not require certainty of success." *Shumway*, 198 Ariz. at 329, ¶ 19. Depending on the resolution of the factual disputes, Plaintiffs may be able to establish that they had probable cause to raise their challenge to the statute of limitations. Accordingly, we vacate summary judgment on the no-contest clause and remand for further proceedings in the superior court.

III.    Attorneys' Fees

**¶31** After granting summary judgment on the statute of limitations, the superior court awarded Shawn $30,832.50 in attorneys' fees. Shawn cited two statutes in support of her fee request, A.R.S. §§ 14-11004 and -1105, but the court did not specify the basis for the award. We review the court's award of attorneys' fees for an abuse of discretion. *In re Conservatorship for Mallet*, 233 Ariz. 29, 31, ¶ 7 (App. 2013).

**¶32** We need not determine whether Plaintiffs' petition was unreasonable for purposes of § 14-1105 because Shawn also sought fees under A.R.S. § 14-11004, which authorizes an award of attorneys' fees for a trustee's good faith defense in a proceeding involving the administration of the trust. Plaintiffs do not challenge the court's authority to award fees under § 14-11004. Instead, they argue the award was excessive. Specifically, they argue it was patently unreasonable to spend 58.1 hours to prepare an 11-page reply memorandum in support of the motion for summary judgment. Shawn's reply addressed several new arguments that Plaintiffs raised in response to the motion and included a supplemental statement of facts. Therefore, the court was within its discretion to accept Shawn's assertion that the reply took significantly longer to research and prepare than the motion itself. Accordingly, we find no abuse of discretion.

**¶33** Both parties request an award of attorneys' fees and costs on appeal. Shawn requests an award of fees under §§ 14-1105 and -11004.

Plaintiffs cite A.R.S. §§ 12-341 and -341.01 as well as the "terms of the JSL Trust cited by the Appellee as part of its fee application below." However, Plaintiffs do not specify which Trust provision Shawn cited in support of her fee request, and we need not search the pleadings or the Trust terms to find authority for Plaintiffs' fee request. Further, we find no basis to award fees under § 14-1105, and, in the exercise of our discretion, we decline to award fees and costs to either party under §§ 12-341.01 or 14-11004.

**CONCLUSION**

**¶34** We affirm the summary judgment in favor of Shawn on the statute of limitations and the related award of attorneys' fees. We vacate the summary judgment on the no-contest clause and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA