NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In the Matter of the Estate of:

YVETTE D. LEWISON, *Deceased.*

---

ARTHUR W. LEWISON. *Petitioner/Appellant,*

*v.*

MIKE BOGLE, Special Administrator of the Estate
of Yvette D. Lewison, et al., *Respondents/Appellees.*

No. 1 CA-CV 23-0633
FILED 12-17-2024

---

Appeal from the Superior Court in Maricopa County
No.  PB2022-000751
The Honorable Christian J. Bell, Judge *Pro Tempore*

**REVERSED**

---

COUNSEL

Berk Law Group, P.C., Scottsdale
By Kent S. Berk, Daphne J. Reaume, Daniel Z. Otsuki
*Counsel for Petitioner/Appellant Arthur W. Lewison*

Thorpe Shwer PC, Phoenix
By Andre H. Merrett
*Counsel for Respondents/Appellees Bess Power & Dana Eckstein Berkowitz*

Faith, Ledyard & Faith, PLC, Avondale
By Michael P. Faith, Robert S. Elliott *(Pro Hac Vice)*
*Counsel for Respondent/Appellee Raymond Judge Ellmer*

Spencer Fane LLP, Phoenix
By Jessica Gale
*Counsel for Respondent/Appellee Mike Bogle*

---

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Andrew M. Jacobs joined.

---

**C R U Z**, Judge:

**¶1**　　　　Arthur W. Lewison appeals from the superior court's grant of summary judgment enforcing Yvette Lewison's will's no-contest clause against him.  For the following reasons, we reverse.[1]

### FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　In October 2019, Yvette executed her will.  At the time, Yvette lived and owned property in New York.  Yvette's will appointed Raymond Jude Ellmer to be personal representative[2] and included a no-contest clause.  The will also devised $50,000 to Maria Munoz, dividing the remainder of the property between Yvette's daughter, Renee H. Eckstein, and her son, Lewison "equally, or to the survivor."  Unbeknownst to Yvette and Ellmer, at the time she executed the will, her estranged daughter Eckstein had recently passed away.  Ellmer learned of Eckstein's passing in November 2019 and told Yvette.  Having learned of her daughter's passing, Ellmer asked if Yvette wanted to change the 2019 will, but Yvette chose not to change the will.

---

[1] Both parties share the same last name. For ease of reference, we respectfully refer to Yvette Lewison as Yvette and Arthur Lewison as Lewison.

[2] Yvette's will nominated Ellmer to be the executor.  Under Arizona law, executors are called personal representatives.  Ariz. Rev. Stat. section 14-1201(48).  Therefore, we will refer to the position as personal representative.

¶3 In 2021, Yvette moved from New York to Arizona, where Lewison resides. Four months later, Yvette passed away. After Yvette's passing, Lewison's attorney contacted Ellmer, advised that the will must be submitted to probate in Arizona first, and asked him to renounce his nomination as personal representative. Ellmer declined the request to renounce and advised he intended to initiate probate proceedings in New York. Lewison then filed a petition in Arizona to probate the will and be appointed personal representative. Ellmer opposed the petition and, after disclosure and discovery, moved for summary judgment. After full briefing and oral argument, the superior court granted Ellmer's motion, holding that Lewison, without probable cause to do so, had violated the will's no-contest clause and therefore would not receive any part of the estate. Lewison filed a motion for new trial and motion for relief from judgment, which the superior court denied.

¶4 Lewison timely appealed. While this appeal was pending, Ellmer passed away and East Valley Fiduciary Services ("EVFS") was appointed Special Administrator of the estate. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

¶5 "We review de novo the superior court's grant of summary judgment, including its assessment of the existence of factual disputes and its application of the law." *Coulter v. Grant Thornton, LLP*, 241 Ariz. 440, 447, ¶ 23 (App. 2017). "We defer to a trial court's determination of the factual basis underlying a claim; however, whether probable cause existed in a particular case is ultimately a question of law, which we review de novo." *In re the Shaheen Trust*, 236 Ariz. 498, 500, ¶ 7 (App. 2015). We review a denial of a motion for new trial and a denial of a motion to set aside judgment for an abuse of discretion. *Spring v. Bradford*, 243 Ariz. 167, 170, ¶ 11 (2017); *Fry v. Garcia*, 213 Ariz. 70, 72, ¶ 7 (App. 2006).

¶6 Ellmer argues Lewison raises several new arguments on appeal. "[W]e generally do not consider issues . . . raised for the first time on appeal." *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000). "A party must timely present his legal theories to the trial court so as to give the trial court an opportunity to rule properly." *Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 109, ¶ 17 (App. 2007) (citation and internal quotation marks omitted). Lewison timely presented all but two arguments. Therefore, we will not consider Lewison's public policy argument or his argument that the superior court erred by expanding the no-contest clause.

I.    No-Contest Clause

¶7      Lewison argues the superior court erred when it determined his petition to be appointed personal representative violated the no-contest clause.  The no-contest clause states:

> Anyone who tries to alter the terms of my Will, or who could cause delay in the distribution of my estate, shall be considered as acting contrary to my wishes. I wish the terms of my Will to be followed and followed without delay.

> If any distributee, legatee or child of mine objects to the probate of this Will, directly or indirectly, in any manner whatsoever, institutes, aids or abets any proceedings of any kind, including a demand to examine witnesses, or who acts to avoid or change any provision of this Will, then I do hereby revoke the provision of my Will in favor of such person and then such distributee, legatee or child of mine shall receive nothing whatsoever under this Will and the gift, bequest or devise made to such legatee shall be given to my other children, equally.

> The person designated by me as Executor or his substitutes shall be the sole judge of whether any distributee, legatee or child of mine has committed an act that the designated Executor, in his sole discretion, judges to be a hindrance to the probate of my Will. This would include any distributee or anyone acting on his or her behalf, delaying the probate process, either by asking for adjournments or otherwise delaying the process.

¶8      Lewison argues his petition did not trigger the no-contest clause because it did not dispute the validity of the will, object to probating the will, act to void any provision under the will, or act to change any provision of the will.  We disagree with Lewison.  He did seek relief that contradicted the terms of the will by seeking to change who was personal representative.

4

**¶9**     While Lewison's petition acted to change the provision of the will appointing Ellmer personal representative, it did so alleging, among other things, that after notice of Yvette's death the nominated personal representative: (1) had ceased communications with Lewison, (2) failed to respond to Lewison's request to renounce his appointment and for consent to Lewison's appointment as personal representative, and (3) no personal representative had been appointed in New York, Arizona, or elsewhere. The deeper question this appeal presents is whether Lewison had probable cause to file that petition. We answer that question next.

II.    Probable Cause

**¶10**     To determine whether the no-contest clause should be enforced against Lewison for filing the petition, we consider whether Lewison had probable cause to file such a petition. *See* A.R.S. § 14-2517. Probable cause is "the existence, at the time of the initiation of the proceeding, of evidence which would lead a reasonable person, properly informed and advised, to conclude that there is substantial likelihood that the contest or attack will be successful." *In re Estate of Shumway*, 198 Ariz. 323, 326, ¶ 12 (2000) (quoting Restatement (Second) of Property: Donative Transfers § 9.1 cmt. j (1983)). "Subjective belief that claims are likely to succeed, while required, is not sufficient; the petitioner's subjective belief must be objectively reasonable." *Shaheen Trust*, 236 Ariz. at 501, ¶ 12. We apply the probable cause test liberally, especially when strong policy supports grounds for the challenge. *See Shumway*, 198 Ariz. at 328, ¶ 14.

**¶11**     Lewison contends that, even if his petition triggered the no-contest clause, he had probable cause to bring his petition because: (1) it was necessary someone open probate to appoint a personal representative; (2) Arizona was the proper venue to initiate probate proceedings; (3) Lewison believed he was the primary beneficiary under Yvette's 2019 will; (4) the superior court had discretion to appoint Lewison as personal representative; and (5) Lewison filed his petition based on the advice of counsel.

**¶12**     The superior court found Lewison lacked probable cause because, in his petition to probate the will and be appointed personal representative, he did not allege any basis to disqualify Ellmer as personal representative or establish his own priority. Additionally, the superior court found Lewison knew, at the time of filing, that Ellmer refused to renounce his appointment as personal representative and Ellmer did not consent to Lewison's appointment. But according to Lewison's petition,

Ellmer had stopped communicating, and probate had not been opened nor a personal representative appointed.

**¶13** In his petition, Lewison cited A.R.S. § 14-3203(A) which states "persons who are not disqualified have priority appointment in the following order: 1. The person with priority as determined by a probated will including a person nominated by a power conferred in a will. . . . 3. Other devisees of the decedent." Lewison is a devisee of the decedent and would have priority if Ellmer was disqualified or could not serve. Based on Lewison's petition, at the time of the initiation of the proceeding, a reasonable person could conclude that if the court found Ellmer's alleged failure to act as personal representative was true, then there was a substantial likelihood of success in Lewison being appointed personal representative and beginning the process to probate the will in Arizona. *See Shumway*, 198 Ariz. at 326, ¶ 12.

**¶14** The superior court found Lewison's later statement that Ellmer had priority appointment as personal representative to be a direct contradiction of his verified claim alleging he had priority and found it cut against Lewison having probable cause. But in his petition, Lewison stated that Ellmer was the nominated personal representative, that communications had ceased, that probate had not been opened, and as a result, he had priority of appointment under the statutory priority for appointment, citing A.R.S. § 14-3203. Read within the context of the petition, Lewison's statements of who, aside from Ellmer, had priority are not contradictory and do not negate Lewison's assertion that there was probable cause to file his petition.

**¶15** The superior court also found Lewison lacked probable cause because Lewison's counsel acknowledged at oral argument that Lewison could have contested jurisdiction and venue without seeking his own appointment as personal representative. Likewise, the superior court found that Lewison could have sought Ellmer's appointment as personal representative instead of his own. Additionally, the superior court found that Lewison's request to withdraw his petition prior to oral arguments on Ellmer's motion for summary judgment revealed Lewison's lack of faith that his petition had merit.

**¶16** The probable cause test requires an objectively reasonable belief that the claims alleged are likely to succeed at the time of filing. *See Shaheen Trust*, 236 Ariz. at 501, ¶ 12. And Lewison's primary complaint was that Ellmer was not communicating and was not taking any action to commence probate of the will. Therefore, whether Lewison could have

contested jurisdiction and venue without seeking appointment as personal representative, or could have sought Ellmer's appointment as personal representative, or that he later decided to withdraw his petition do not mean Lewison lacked probable cause to request Ellmer's replacement.

**¶17** An important factor in determining probable cause is whether "the beneficiaries relied on the advice of disinterested counsel, sought in good faith after a full disclosure of the facts." *Shumway*, 198 Ariz. at 328, ¶ 15. The superior court found Lewison "did not rely on advice of disinterested counsel sought in good faith after full disclosure of the facts." But we have searched the record and find no factual support for this finding.

**¶18** Applying the probable cause test liberally to the facts of this case, a reasonable person, properly informed, would conclude there was a substantial likelihood that Lewison's petition would be successful at the time of the proceeding. *See Shumway*, 198 Ariz. at 328, ¶ 14.

**¶19** "To grant a motion for summary judgment, the trial court must find that no genuine issue of material fact exists and that the moving party is entitled to judgment on the merits as a matter of law." *Saenz v. State Fund Workers' Comp. Ins.*, 189 Ariz. 471, 473 (App. 1997). When viewing the facts in the light most favorable to Lewison, genuine issues of material fact remain. *See id.*

**¶20** In his complaint, Lewison alleged communication with Ellmer, the nominated personal representative, had stopped and that probate had not been opened in either Arizona or New York. For those reasons, Lewison sought his own appointment as personal representative. Ellmer denied these allegations. A genuine issue of material fact exists as to Ellmer's inaction and thus, the validity of Lewison's request for appointment as personal representative. The grant of summary judgment was also erroneous considering this material factual dispute.

**¶21** Because we reverse the grant of summary judgment, we need not address the parties' various arguments on the court's denial of Lewison's motion for new trial and for relief from judgment.

## CONCLUSION

**¶22** For the foregoing reasons, we reverse the finding that Lewison lacked probable cause and reverse the grant of summary judgment. We remand for trial on Lewison's request to be appointed personal representative. Ellmer requests reasonable attorneys' fees and

costs pursuant to A.R.S. §§ 12-349 and 14-3720. We deny the request for attorneys' fees. As the successful party on appeal, Lewison is entitled to his taxable costs on appeal contingent upon his compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:          JR